OPINION *Page 2 
{¶ 1} Appellant Dimitri Partin appeals the decision of the Court of Common Pleas, Richland County, which granted the motion of Appellee State of Ohio to revoke appellant's community control. The relevant facts leading to this appeal are as follows.
 {¶ 2} On September 14, 2006, appellant pled guilty to an amended charge of attempted rape, involving an eleven-year-old female victim. On October 30, 2006, following a hearing, appellant was sentenced to five years of community control and fined $7,500.00. Among the conditions of community control were requirements that he consume no alcohol and that he successfully complete the inpatient sex offender program at the halfway house operated by Volunteers of America ("VOA")
 {¶ 3} On July 10, 2007, appellant's probation officer filed a community control violation against appellant, alleging that appellant had violated both of the aforesaid terms by consuming alcohol following a pick-up basketball game at the facility and by getting expelled from the sex offender program.
 {¶ 4} The court conducted a hearing on the alleged violations on October 1, 2007. The court found appellant had violated the alcohol consumption term (Count I) and the VOA offender program term (Count II).
 {¶ 5} The court thereupon ordered appellant to serve four years, 364 days in prison, plus five years of post-release control.
 {¶ 6} Appellant filed a notice of appeal on October 29, 2007. He herein raises the following six Assignments of Error: *Page 3 
 {¶ 7} "I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE REVOCATION OF HIS COMMUNITY CONTROL SANCTION WAS BASED ON HEARSAY EVIDENCE.
 {¶ 8} "II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS COMMUNITY CONTROL SANCTION WAS REVOKED BASED UPON THE NATURE OF THE OFFENSE.
 {¶ 9} "III. DEFENDANT'S CONVICTION AS A PROBATION OR COMMUNITY CONTROL SANCTION VIOLATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 {¶ 10} "IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT CONDUCTED AN UNFAIR COMMUNITY CONTROL SANCTION VIOLATION HEARING ESSENTIALLY HAVING DEFENDANT PROVE THAT HE WAS NOT GUILTY OF THE OFFENSE.
 {¶ 11} "V. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 12} "VI. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO MORE THAN A MINIMUM SENTENCE BASED ON JUDICIAL FACTFINDING."
 I. {¶ 13} In his First Assignment of Error, appellant contends he was deprived of due process because of hearsay evidence presented during his revocation hearing. We disagree. *Page 4 
 {¶ 14} Generally, probation revocation hearings are not subject to the rules of evidence. The admission of hearsay evidence into a probation revocation hearing can only be construed as reversible error when it constituted the sole, crucial evidence in support of the probation violation determination. State v. Thompson, Wood App. No. WD-06-034 ¶ 44, citing State v. Ohly, 166 Ohio App.3d 808, 2006-Ohio-2353.
 Workman Testimony {¶ 15} Appellant first challenges testimony presented by VOA facilitator Acie Workman, LSW, which allegedly included information from a letter Workman had received from a parole officer pertaining to appellant's shortcomings in the program, such as tardiness, lack of motivation, and lateness on assignments. However, the letter in question was actually written by Workman, not the parole officer as appellant asserts. See Tr. at 8. Accordingly, we find Workman's references to the letter and his quotation of one paragraph therefrom constituted a "past recollection recorded" under Evid. R. 803(5), and were thus permissible exceptions to the hearsay rule.
 {¶ 16} Appellant secondly challenges testimony from Workman regarding appellant's consumption of alcohol, which apparently occurred during a July Fourth party involving participants in the VOA program. However, our review of the record indicates that defense counsel first raised the issue and solicited responses which called for hearsay in this regard. See Tr. at 19-20. Thus, we find the doctrine of invited error precludes consideration of this issue on appeal. See State ex rel The V Companiesv. Marshall (1998), 81 Ohio St.3d 467, 471. *Page 5 
 Draper Testimony {¶ 17} Appellant also challenges the testimony of Lyle Draper, VOA Center Director, as to appellant's consumption of alcohol. At the commencement of his testimony, Draper stated that as part of his job position as director, he received summaries and reports related to such events. Tr. at 36.
 {¶ 18} Under Evid. R. 803(6), the following are excepted from the hearsay rule: "A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness * * *."
 {¶ 19} We find the cited evidence was properly allowed into evidence as records of regularly conducted activity under Evid. R. 803(6).
 {¶ 20} Appellant's First Assignment of Error is therefore overruled.
 II., III., IV. {¶ 21} In his Second, Third, and Fourth Assignments of Error, appellant contends his community control revocation was improper, against the manifest weight of the evidence, and violative of his right to due process of law. We disagree.
 {¶ 22} In Gagnon v. Scarpelli (1973), 411 U.S. 778, 786,93 S.Ct. 1756, 36 L.Ed.2d 656, the United States Supreme Court held that the due process requirements of Morrissey v. Brewer (1972), 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484, with regard to parole violation hearings, were applicable to probation revocation *Page 6 
proceedings. The minimal due process requirements for final revocation hearings include:
 {¶ 23} "`(a) [W]ritten notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.'" Id., citing Morrissey, supra, at 489.
 {¶ 24} In the case sub judice, the State presented testimony at the revocation hearing from VOA social worker Workman and Director Draper. The testimony indicated that three levels of disciplinary action are utilized in the VOA program. The first level is giving the participant a sanction such as extra duty. The second level involves moving the participant from the fast track to the "comprehensive" group, which entails more assignments and longer-term participation. The third level is termination from the program. Tr. at 13-15; 29-30.
 {¶ 25} The testimony revealed that appellant was first found in possession of a cell phone, which is a significant rule violation due to accountability issues and the concern that a participant might attempt contact with the victim. Tr. at 28. Appellant, rather than being terminated at that time, was permitted to stay on under a restricted 30-day "shut-down" program in June 2007. However, shortly after being taken off the shut-down, appellant tested positive for alcohol consumption. Appellant also admitted to *Page 7 
forging a four-hour pass for leaving to do a job search, by altering a two-hour pass form. In the meantime, appellant was falling behind on counseling assignments.
 {¶ 26} The trial court made the following oral conclusions, in pertinent part, at the conclusion of the revocation hearing:
 {¶ 27} "* * * I find it not credible that he used [alcohol] accidentally, but he did, in fact, use it. It's not necessary that he be intoxicated, simply using is a violation of the rules. So I find Mr. Partin guilty on Count I.
 {¶ 28} "He was terminated from Volunteers of America, which, of course, is the major violation here. I find that he was terminated and he was terminated properly. It looks to me as if they worked very conscientiously to try to give him every chance possible. He was there from November to January, did okay. He was late once in his assignments. They didn't fault him when he was out for that surprising two month period for tonsillectomy. He came back in, they took him right back into the program. At that time, though, he was reported as not being cooperative in phase one educational group, not accomplishing goals and objectives, nevertheless they allowed him to continue because of this idea that there was an adjustment period he needed to work through.
 {¶ 29} "In May we had the reports that he was in contact, or his probation officer had reports he was in phone contact with a resident who absconded from the program, therefore led him to believe he had a phone, contraband search found the phone at the defendant's locker. It was not offered up until it was actually found in the search.
 {¶ 30} "Then we also have these incidents where he forged return times on job searches. Again, he was not terminated from the program. *Page 8 
 {¶ 31} "The June report said he was not accepting responsibility for his problems, he was blaming the staff for his problems. And, then, finally July the final blow was alcohol use. So it seems to me that they were very patient with him and did properly go through the steps of discipline before they terminated him. They are obviously ultimately in charge of their own program. It seems to me they behaved very rationally and reasonably under the circumstances. Therefore, I find that violation has been proved as well." Tr. at 68-70.
 {¶ 32} Upon review of the record, we find the court's decision to revoke community control was properly documented, that appellant's due process rights were protected, and that the decision was not against the manifest weight of the evidence. Additionally, in regard to appellant's suggestion that his right to confront witnesses was violated, we note our previous holding that Crawford does not apply to community control revocation hearings. See State v. Crace, Fairfield App. No. No. 05CA93,2006-Ohio-3027, ¶ 18. Furthermore, harmless error analysis applies to issues of confrontational rights. See State v. Willis, Fairfield App. No. 05 CA 42, 2005-Ohio-6947, ¶ 15, citing State v. Davis, Cuyahoga App. No. 85477, 2008-Ohio-5544, ¶ 29; Delaware v. Van Arsdall (1986),475 U.S. 673. Thus, even if the revocation were not supported by the alcohol consumption per se, appellant's several rule infractions at VOA and subsequent dismissal from the program would have warranted revocation. Accordingly, appellant's Second, Third, and Fourth Assignments of Error are overruled.
 V. {¶ 33} In his Fifth Assignment of Error, appellant contends he was deprived of the effective assistance of counsel at the revocation hearing. We disagree. *Page 9 
 {¶ 34} This Court has recognized claims of ineffective assistance in the context of appeals from community control proceedings. See State v.Krouskoupf, Muskingum App. No. CT2005-0024, 2006-Ohio-783. There is a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. See Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the proceeding is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. Defense counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v.Sallie (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267.
 {¶ 35} Appellant specifically contends his counsel "effectively conceded" that appellant had violated community control. Appellant's Brief at 11. Our review indicates otherwise. Defense counsel, in response to a question from the bench as to any dispute as to the conditions of community control, told the judge: "The consumption of alcohol and the removal of VOA [participation], I'm not contesting that." Tr. at 49. We find this was merely a statement that the two community control conditions were valid conditions. Furthermore, appellant's counsel had already vigorously contested, via *Page 10 
cross-examination, the allegations that the two conditions had been violated. See Tr. at 9-23; 37-48. Appellant's counsel also put appellant on the stand to present his version of the events concerning the VOA rule violations.
 {¶ 36} Having reviewed the record, we find no showing that appellant's counsel's performance fell below an objective standard of reasonable representation.
 {¶ 37} Appellant's Fifth Assignment of Error is overruled.
 VI. {¶ 38} In his Sixth Assignment of Error, appellant contends the trial court erred and violated his constitutional rights by sentencing him to a "more than minimum" prison term. We disagree.
 {¶ 39} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional, in light of the United States Supreme Court'sBlakely decision. Accordingly, judicial fact finding is no longer required before a court imposes non-minimum, maximum or consecutive prison terms. State v. Barrett, Ashland App. No. 07COA014, 2008-Ohio-191, ¶ 6. Appellant in the case sub judice was sentenced in the post-Foster era. Because Foster "vest[ed] sentencing judges with full discretion" in sentencing (Foster at ¶ 100), we review felony sentences under an abuse of discretion standard. State v. Coleman, Lorain App. No. 06CA008877, 2006-Ohio-6329, ¶ 11. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 40} Here, the trial court's sentence of four years, 364 days in prison on the attempted rape (a felony of the second degree) is within the statutory sentencing *Page 11 
ranges under R.C. 2929.14, and as such, is proper. Further, upon review, we find the trial court's sentencing is not unreasonable, arbitrary or unconscionable.
 {¶ 41} Appellant's Sixth Assignment of Error is therefore overruled.
 {¶ 42} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
 By: Wise, J., Gwin, P. J., and Delaney, J., concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the court of Common Pleas of Richland County, Ohio, is affirmed. Costs assessed to appellant. *Page 1