[Cite as *State v. Miller*, 2011-Ohio-269.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JACKIE MILLER | : | Case No. 10CA50 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas,
                              Case No. 06CR1025

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       January 20, 2011

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

KIRSTEN PSCHOLKA-GARTNER                    RYAN M. HOOVLER
38 South Park Street                        1 Park Avenue West
Mansfield, OH  44902                        Suite 300
                                            Mansfield, OH  44902

*Farmer, J.*

{¶1}   Dating back to 2007 and before, appellant, Jackie Miller, has a long history of committing crimes (forgery, theft, criminal damaging, disorderly conduct), being placed on community control, and violating community control.  On February 3, 2010, appellant was charged with violating her most recent community control order.  A hearing was held on March 24, 2010.  By community control violation journal entry filed March 25, 2010, the trial court found appellant guilty of violating her community control, and sentenced her to an aggregate term of thirty months in prison.

{¶2}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶3}   "THE COMMUNITY CONTROL VIOLATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶4}   Appellant claims the trial court's decision that she violated the terms of her community control were against the manifest weight of the evidence as the decision was not based upon any credible evidence or testimony.  We disagree.

{¶5}   "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege."  *State v. Bell* (1990), 66 Ohio App.3d 52, 57.  "Because a community control revocation hearing is not a criminal trial, the State does not have to establish a violation with proof beyond a reasonable doubt."  *State v. Wolfson,* Lawrence App. No. 03CA25, 2004-Ohio-2750, ¶7.  Instead, the state need only present

"substantial proof" that a defendant willfully violated the community control conditions. *State v. Hylton* (1991), 75 Ohio App.3d 778, 782. "Accordingly, in order to determine whether a defendant's probation revocation is supported by the evidence, a reviewing court should apply the 'some competent, credible evidence' standard set forth in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578." *State v. Alderson* (August 31, 1999), Meigs App. No. 98CA12. Once a trial court finds that a defendant violated the terms of his/her probation, the decision whether to revoke probation lies within the trial court's sound discretion. *State v. Scott* (1982), 6 Ohio App.3d 39. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶6} The trial court found appellant was terminated from Tiffin CBCF before successfully completing the program (Probation Violation No. 1), and illegally possessed Suboxone, a prescription medication (Probation Violation No. 2). At the conclusion of the hearing, the trial court stated the following:

{¶7} "In terms of the original offense in this case, you and a Patricia Tolliver cashed $9,035 in forged checks stolen from (inaudible) Charles Patterson. Before that you had convictions for criminal damaging, disorderly conduct, petit theft and grand theft. You went to prison on February 16[th], 2007 for grand theft. I was hoping after being in prison you would decide you would do whatever it took to stay out of prison and consequently put you on probation in this case back on August 13[th], 2007, which would have been shortly after you were released from prison.

{¶8} "At the time of the probation review in October 2007, you were testing clean, but by March you had gotten a probation violation. You went out of county, Stark County, you committed a new theft offense. Despite that, you returned to your former habit, I still gave you an additional chance of probation, with the residential program, which you were admitted to CROSSWAEH after probation violation sentencing, and now we have a situation (inaudible) not only did you violate the program for a number of other residents. That's unforgivable, bringing drugs into an institution like that." March 24, 2010 T. at 37-38.

{¶9} Appellant argues the trial court's decision was based upon hearsay.

{¶10} " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. Rule 801(C).

{¶11} Evid.R. 101 governs the scope of the evidence rules. Subsection (C)(3) states the following:

{¶12} "These rules (other than with respect to privileges) do not apply in the following situations:

{¶13} "*(3) Miscellaneous criminal proceedings.* Proceedings for extradition or rendition of fugitives; sentencing; granting or revoking probation; proceedings with respect to community control sanctions; issuance of warrants for arrest, criminal summonses and search warrants; and proceedings with respect to release on bail or otherwise."

{¶14} The Supreme Court of Ohio explained the following in *Columbus v. Bickel* (1991), 77 Ohio App.3d 26, 36-37:

{¶15} "Evid.R. 101(C) specifically excepts application of the Rules of Evidence, including the hearsay rule, from probation revocation hearings. The rationale for the exception is that, since a probation revocation hearing is an informal proceeding, not a criminal trial, the trier of fact should be able to consider any reliable and relevant evidence to determine whether the probationer has violated the conditions of his probation. *Miller, supra,* 42 Ohio St.2d at 106, 71 O.O.2d at 76, 326 N.E.2d at 262. Still, the admission of hearsay evidence at a probation revocation hearing can compromise the probationer's due process right to confront adverse witnesses. Although a probationer's right to confront and cross-examine adverse witnesses at a probation revocation hearing is not absolute, that right is preserved by the fourth requirement of *Gagnon* [*v. Scarpelli* (1973), 411 U.S. 778], *supra,* unless the sentencing court specifically finds good cause for not allowing the confrontation."

{¶16} In *State v. Partin,* Richland App. No. 07CA104, 2008-Ohio-3904, ¶14, this court stated, "[t]he admission of hearsay evidence into a probation revocation hearing can only be construed as reversible error when it constituted the sole, crucial evidence in support of the probation violation determination."

{¶17} Appellant's probation officer, Debbie Jackson, testified as to the terms and conditions of appellant's probation. T. at 7-10. Ms. Jackson testified she was notified by Tiffin CBCF that appellant was terminated from the program as appellant was in possession of an illegal drug, "Suboxone," which is a prescription medication, but considered contraband in the facility. T. at 10-11.

{¶18} Tiffin CBCF case manager, Brandi Bishop, testified appellant was terminated from the facility for bringing in Suboxone. T. at 16. Admittedly, this

information was in the form of hearsay statements that Ms. Bishop had received from other "clients" of the facility. T. at 16-21. Upon a search of appellant's locker, superglue was found as well as a pair of pants with slits in the waistband and a pair of shoes wherein the soles could be completely removed. T. at 19-20. Superglue is not permitted in the facility, and the pants and shoes were an indication of appellant "hiding the stuff." T. at 19, 24. Based on this information, appellant was terminated from the program. T. at 21.

{¶19} Appellant testified she admitted to having the superglue in order to fix her broken partial plate, and an employee let her keep it. T. at 28, 31.

{¶20} It is undisputed that appellant was terminated from the program she was required to complete. The fact that she denies the validity of the reasons for the termination does not alter the fact that she did not complete the program. Although the termination was based on hearsay, this is not fatal to the trial court's decision, as hearsay testimony is permissible in probation revocation hearings.

{¶21} Upon review, we find the trial court did not err in finding appellant had violated the terms of her probation as there was sufficient evidence to establish the violations.

{¶22} The sole assignment of error is denied.

{¶23} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Patricia Delaney_____

JUDGES

SGF/sg 107

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JACKIE MILLER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CA50 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_s/ Patricia Delaney_____

JUDGES