[Cite as *State v. Thompson*, 2016-Ohio-8401.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 3-16-01

      v.

PATRICK A. THOMPSON,             O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 3-16-12

      v.

PATRICK A. THOMPSON,             O P I N I O N

      DEFENDANT-APPELLANT.

Appeals from Crawford County Common Pleas Court
Trial Court No. 13-CR-0233

**Judgments Affirmed**

Date of Decision:   December 27, 2016

APPEARANCES:

    *Adam Charles Stone* for Appellant

    *Ryan M. Hoovler* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Patrick A. Thompson ("Thompson"), appeals the December 9, 2015 and June 20, 2016 judgment entries of the Crawford County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On November 13, 2013, the Crawford County Grand Jury indicted Thompson on two counts: Count One of possession of drugs in violation of R.C. 2925.11(A)(C)(6)(b), a fourth-degree felony; and Count Two of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a second-degree felony. (Doc. No. 1). The case was assigned case number 13-CR-0233. (*Id.*). On November 18, 2013, Thompson appeared for arraignment and entered pleas of not guilty. (Doc. Nos. 5, 6).

{¶3} On January 16, 2014, a change-of-plea hearing was held. (Doc. No. 12). Pursuant to a negotiated plea agreement, Thompson pled guilty to the counts of the indictment in case number 13-CR-0233, and pled guilty to a count in another case.[1] (*Id.*). The trial court accepted Thompson's guilty pleas and found Thompson guilty. (*Id.*).

{¶4} That same day, the trial court sentenced Thompson, based on the joint-sentencing recommendation of the parties, to 12 months in prison as to the count in the other case, 11 months in prison as to Count One and 3 years in prison as to Count

---

[1] Thompson pled guilty to a receiving-stolen-property count in case number 12-CR-0166—a fifth-degree felony under R.C. 2913.51(A).

Two in case number 13-CR-0233, and ordered that Thompson serve the terms consecutively for an aggregate sentence of 4 years and 11 months. (Doc. No. 13).

{¶5} On May 11, 2015, Thompson, pro se, filed a motion for judicial release. (Doc. No. 23). On May 14, 2015, the State filed its response to Thompson's motion and recommended that Thompson be judicially released from prison. (Doc. No. 24). On September 10, 2015, the trial court granted Thompson's motion for judicial release, suspended the remainder of Thompson's prison sentence, and released Thompson under conditions of judicial release. (Doc. No. 28).[2]

{¶6} On November 9, 2015, the State filed a motion requesting a hearing to determine whether there was probable cause to revoke Thompson's judicial release based on Thompson's violation of the conditions of his judicial release. (Doc. No. 30). After determining on November 10, 2015 that there was probable cause that Thompson violated the conditions of his judicial release, a hearing was held on December 7, 2015 to determine whether Thompson violated the conditions of his judicial release. (Doc. Nos. 33, 36); (Dec. 7, 2015 Tr. at 1). On December 9, 2015, the trial court concluded that Thompson violated the conditions of his judicial

---

[2] The trial court issued a nunc pro tunc entry on September 17, 2015 correcting its September 10, 2015 entry granting Thompson's judicial release to reflect that its entry granting Thompson's judicial release should be dated September 3, 2015. (Doc. No. 29).

release and reimposed the remainder of Thompson's original sentence. (Doc. No. 36).[3]

{¶7} On January 25, 2016, Thompson, pro se, filed a motion for leave to file a delayed appeal. (Doc. No. 40). Thompson filed his notice of appeal with his motion for leave to file a delayed appeal. (Doc. No. 41). The State filed with this court a memorandum in opposition to Thompson's motion on March 2, 2016. This court granted Thompson's motion for leave to file a delayed appeal on March 30, 2016. That appeal was assigned appellate case number 3-16-01.

{¶8} While Thompson's appeal was pending with this court, the State filed on May 18, 2016 a "Motion on Defendant's Motion to Correct a Judgment of Conviction."[4] (Doc. No. 53). After a hearing on June 14, 2016, the trial court issued an entry on June 20, 2016 informing Thompson of his postrelease-control sanction. (Doc. No. 59). Thompson, represented by counsel, filed an appeal from that entry on June 21, 2016. (Doc. No. 60). That appeal was assigned appellate case number 3-16-12. This court consolidated appellate case numbers 3-16-12 and 3-16-01.

{¶9} Thompson raises three assignments of error. For ease of our discussion, we will first address together Thompson's second and first assignments of error, followed by his third assignment of error.

---

[3] On February 9, 2016, the trial court issued a nunc pro tunc entry correcting its December 9, 2015 entry to state that Thompson was convicted of a fourth-degree felony under Count One of the indictment in case number 13-CR-0233, not a fifth-degree felony. (Doc. No. 47).

[4] The record does not reflect that Thompson filed a motion to correct a judgment of conviction.

**Assignment of Error No. II**

**The trial court's findings of fact under R.C. §2929.11, R.C. §2929.112, R.C. §2929.13(E)(2), R.C.§2929.14, and R.C.§2929.15(B) are not supported by clear and convincing evidence in the record of the proceedings held by the trial court on May 25, 2016.**

**Assignment of Error No. I**

**The trial court committed plain error in violation R.C.§2929.13 (E)(2) when it revoked Appellant's community control and sanctioned him to any prison term in connection with the violation of Appellant's community control in direct contravention of the statute's prohibition.**

{¶10} In his second assignment of error, Thompson argues that the trial court's reimposition of the remainder his original sentence is clearly and convincingly unsupported by the record. In his first assignment of error, Thompson argues that the trial court erred by reimposing the remainder of his original prison term instead of ordering a sanction in accordance with R.C. 2929.13(E)(2). In particular, he argues that the trial court should not have reimposed the remainder of his prison term because Thompson's violation of the conditions of his judicial release is based on his personal drug abuse.

{¶11} A trial court's decision to revoke a defendant's judicial release based on a violation of the conditions of his judicial release will not be disturbed absent an abuse of discretion. *State v. Arm*, 3d Dist. Union Nos. 14-14-03 and 14-14-04, 2014-Ohio-3771, ¶ 22, citing *State v. Jenkins*, 4th Dist. Scioto No. 10CA3389,

Case Nos. 3-16-01 and 3-16-12

2011-Ohio-6924, ¶ 9.[5]  An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably.  *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

{¶12} For the reasons that follow, we conclude that the trial court did not abuse its discretion by revoking Thompson's judicial release and reimposing Thompson's original term of incarceration with credit for time already served. Ohio's judicial-release statute, R.C. 2929.20, provides, in relevant part:

If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the

---

[5] Thompson urges this court to apply the standard of review in *State v. Marcum* to the reimposition of the remainder of a defendant's original sentence under R.C. 2929.20(K) after he violates the conditions of his judicial release. *See* 146 Ohio St.3d 516, 2016-Ohio-1002.  Under *Marcum*, appellate courts must modify or vacate original sentences if there is clear and convincing evidence that the sentence is unsupported by the record or is contrary to law.  *Id.* at ¶ 22.  This court addressed on numerous occasions the difference between an original sentence of community control and early judicial release.  *See, e.g.*, *State v. Johnson*, 3d Dist. Seneca Nos. 13-15-08 and 13-15-09, 2015-Ohio-4802, ¶ 18.  "This Court has previously stated that '"the rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20[(K)] contains the term 'community control' in reference to the status of an offender when granted early judicial release."'"  *State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 and 10-07-27, 2008-Ohio-2117, ¶ 12, quoting *State v. Alexander*, 3d Dist. Union No. 14-07-45, 2008-Ohio-1485, ¶ 7, quoting *State v. Mann*, 3d Dist. Crawford No. 3-03-42, 2004 Ohio 4703, ¶ 6.  "Under R.C. 2929.15, a defendant's original sentence is community control and he will not receive a term of incarceration unless he violates the terms of his community control."  *Id.*, citing *Alexander* at ¶ 7, citing *State v. McConnell*, 143 Ohio App.3d 219, 224-225 (3d Dist.2001), citing *State v. Gardner*, 3d Dist. Union No. 14-99-24, 1999 WL 1075424, *2-3 (Dec. 1, 1999).  However, "when a defendant is granted judicial release under R.C. 2929.20, he '"has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the defendant's violation of a community control [as a condition of supervision]."'"  *Id.*, quoting *Alexander* at ¶ 7, quoting *Mann* at ¶ 8, citing R.C. 2929.20(K). Because Thompson was granted judicial release, the *Marcum* standard of review is not the appropriate standard of review for the issues presented in Thompson's second and first assignments of error.  Instead, R.C. 2929.20 controls and we will address his argument accordingly.  *See id.* at ¶ 13.

-6-

department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.

R.C. 2929.20(K).[6]

**{¶13}** "Accordingly, if a defendant violates the conditions of judicial release, the trial court is limited to reimposing the original term of incarceration with credit for time already served." *State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 and 10-07-27, 2008-Ohio-2117, ¶ 15. "The trial court may not alter the defendant's original sentence except to reimpose the sentence consecutively to or concurrently with a new sentence it imposes as a result of the judicial release violation that is a new criminal offense." *Id.* It is error for a trial court, after revoking judicial release, to impose a greater or lesser sentence than the original sentence. *State v. Salter*, 10th Dist. Franklin No. 14AP-211, 2014-Ohio-5524, ¶ 8. *See also Jones* at ¶ 15.

**{¶14}** Because the trial court is limited to reimposing the remainder of the defendant's original sentence when the defendant's judicial release is revoked, Thompson's argument that the trial court was required to fully consider the statutory

---

[6] Prior to its 2009, amendment, the portion of the judicial-release statute currently reflected in R.C. 2929.20(K) was codified under R.C. 2929.20(I). *See* Am.Sub.H.B. No. 130, 2008 Ohio Laws 173.

factors as if it were sentencing him anew is misplaced. *See State v. Mann*, 3d Dist. Crawford No. 3-03-42, 2004-Ohio-4703, ¶ 15-16. When the trial court is reimposing the remainder of the defendant's original sentence after revoking his judicial release, the trial court need not make the statutory findings that are required when a felony sentence is originally imposed. *Id.* at ¶ 16, citing *State v. Gardner*, 3d Dist. Union No. 14-99-24, 1999 WL 1075424, *3 (Dec. 1, 1999) ("if the conditions of that release are violated, the statute clearly provides that the trial court may 'reimpose' the suspended term without making the findings that are required to issue an original felony sentence"). Accordingly, Thompson's argument is erroneous, and his second assignment of error is overruled.

{¶15} For similar reasons, Thompson's first assignment of error is erroneous. That is, R.C. 2929.13(E)(2) sanctions are not applicable when a trial court is revoking a defendant's judicial release under R.C. 2929.20. R.C. 2929.13(E)(2) provides:

> (2) If an offender who was convicted of or pleaded guilty to a felony violates the conditions of a community control sanction imposed for the offense solely by reason of producing positive results on a drug test or by acting pursuant to division (B)(2)(b) of section 2925.11 of the Revised Code with respect to a minor drug possession offense, the court, as punishment for the violation of the sanction, shall not order

that the offender be imprisoned unless the court determines on the record either of the following:

(a)   The offender had been ordered as a sanction for the felony to participate in a drug treatment program, in a drug education program, or in narcotics anonymous or a similar program, and the offender continued to use illegal drugs after a reasonable period of participation in the program.

(b)   The imprisonment of the offender for the violation is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code.

**{¶16}** As we stated above, when a trial court concludes that a defendant violated the conditions of his judicial release, the trial court cannot impose on the defendant a sanction other than the remainder of the defendant's original sentence.[7] *See* R.C. 2929.20(K).  *See also Jones*, 2008-Ohio-2117, at ¶ 15.  Stated differently, imposition of a sanction under R.C. 2929.13(E)(2) applies only when a defendant violates the conditions of a community-control sanction under R.C. 2929.15, not when a defendant violates the conditions of his or her judicial release under R.C. 2929.20.  Although this court in *State v. Riddle* considered the merits of whether the

---

[7] If the trial court reimposes the defendant's reduced sentence, the trial court may also impose consecutively or concurrently to the reimposed sentence a new sentence for the violation of the conditions of the defendant's judicial release.  R.C. 2929.20(K).

trial court erred by not imposing a sanction under R.C. 2929.13(E)(2) when Riddle violated the conditions of his judicial release under R.C. 2929.20, it is unnecessary to consider the merits of Thompson's argument because the imposition of a sanction under R.C. 2929.13(E)(2) does not apply to the revocation of judicial release under R.C. 2929.20. *See* 3d Dist. Defiance No. 4-02-18, 2003-Ohio-478, ¶ 24-29. Thompson's first assignment of error is overruled.

### Assignment of Error III

**The trial court lacked jurisdiction to hold the hearing, held herein on June 14, 2016, and modify its final sentencing order advising the Appellant of the mandatory terms and conditions of Post-Release Control after the Appellant timely filed his Notice of Appeal and the case has been certified for appeal.**

{¶17} In his third assignment of error, Thompson argues that the trial court lacked jurisdiction while his appeal of the trial court's judicial-release-revocation entry was pending before this court to take action on the State's "Motion on Defendant's Motion to Correct a Judgment of Conviction." (*See* Doc. No. 53). In that motion, the State requested "a hearing on Defendant's Motion to Correct Judgment of Conviction." (*Id.*). As we previously noted, the record does not reflect that Thompson filed a motion to correct his judgment of conviction in this case. Nevertheless, at the hearing on the State's motion, the trial court characterized the State's motion as "a motion to correct" "a technical issue with the sentencing" and proceeded to notify Thompson of his postrelease-control sanction. (*See* June 14,

2016 Tr. at 3, 6-7). The State did not object to the trial court's characterization of its motion.

{¶18} "[I]n order to comply with separation-of-powers concerns and to fulfill the requirements of the postrelease-control-sentencing statutes, especially R.C. 2929.19(B) and 2967.28, a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18. "When a judge fails to properly impose statutorily mandated postrelease control as part of a defendant's sentence, the postrelease-control sanction is void." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, paragraph two of the syllabus, applying *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.

{¶19} Generally, trial courts lack authority to reconsider their own valid judgments in criminal cases. *Qualls* at ¶ 13. However, trial courts retain continuing jurisdiction (1) "under R.C. 2929.191 to correct a void sentence at any time by holding a hearing as mandated under that section if the sentence was imposed after July 11, 2006, so long as the offender has not completed the prison term imposed in his original sentence" and (2) "'to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided.'" *State v. Williams*, 12th Dist.

Warren No. CA2011-08-085, 2012-Ohio-2152, ¶ 24, citing *State v. Perry*, 12th Dist. Butler Nos. CA2011-01-008 and CA2011-02-017, 2011-Ohio-3637, ¶ 19; *Qualls* at ¶ 13, quoting *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 13, citing *State ex rel. Cruzado v. Zeleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 18-19, *superseded by statute on other grounds*, *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, and citing Crim.R. 36.

{¶20} Moreover, "[o]nce an appeal is taken, the trial court is divested of jurisdiction except 'over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt.'" *State ex rel. State Fire Marshal v. Curl*, 87 Ohio St.3d 568, 570 (2000), quoting *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). *See also Williams* at ¶ 21-26.

{¶21} We need not reach Thompson's argument because his sentence is neither void nor contains a clerical error—therefore, his original sentence is valid, and he was not prejudiced by any "re-notification" of his postrelease-control sanction. "'When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence.'" *See State v. Davenport*, 3d Dist. Defiance Nos. 4-12-05 and 4-12-06, 2012-Ohio-4013, ¶ 19, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-

Ohio-6085, paragraph one of the syllabus, *superseded by statute on other grounds*, *Singleton*.

**{¶22}** In this case, Thompson did not provide for the record a transcript of the sentencing hearing. As such, we must presume the propriety of that hearing and find that Thompson was properly notified of postrelease control at the sentencing hearing. *See State v. Murray*, 6th Dist. Lucas No. L-10-1059, 2012-Ohio-4996, ¶ 25, citing *State v. Tribue*, 6th Dist. Lucas Nos. L-10-1250 and L-10-1251, 2011-Ohio-4282, ¶ 9. *See also State v. Ball*, 5th Dist. Licking No. 13-CA-17, 2013-Ohio-3443, ¶ 24-25, citing *Murray* at ¶ 24. Therefore, "we address only the issue of whether the trial court provided the notice required by law in the sentencing judgment." *Murray* at ¶ 25. *See also Tribue* at ¶ 9 (limiting appellate review of Tribue's postrelease-control argument to the sentencing entry because Tribue did not provide a transcript of the sentencing hearing), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 1999 (1980).

**{¶23}** Thompson's sentencing entry provides the following notice regarding postrelease control:

> FOR SECOND DEGREE FELONY – The Defendant understands that upon completion of his/her prison term, he/she shall be subject to a MANDATORY period of post-release control of three years as determined by the Parole Board pursuant to O.R.C. 2967.28.

In the other counts, he/she shall be subject to a period of post-release control of three years as determined by the Parole Board pursuant to O.R.C. 2967.28.

(Emphasis sic.) (Doc. No. 13).[8]

**{¶24}** This court previously concluded that a postrelease-control sanction in a sentencing entry which "did not explicitly specify that the parole board could impose an additional prison term of up to one-half of his prison sentence for a violation of post-release control" is insufficient notice under Ohio law. *See State v. Perkins*, 3d Dist. Seneca Nos. 13-10-50 and 13-10-51, 2011-Ohio-3129, ¶ 21. That conclusion is different from what is required under Ohio law. In reaching that conclusion, we stated, "The specific post-release control sanctions must be included in the judgment entry journalized by the court, *along with the potential penalty for violating the sanctions.*" (Emphasis added.) *Id.*, citing *Singleton* at ¶ 11. Ohio sentencing law does not require the "potential penalty for violating the [postrelease-control] sanctions" to be included in the judgment entry of sentence. Instead,

R.C. 2929.19 mandates that a court, when imposing sentence, notify the offender *at the hearing* that he will be supervised pursuant to R.C. 2967.28 and that the parole board may impose a prison term of up to

---

[8] Under R.C. 2967.28, Thompson is subject to a mandatory three-year period of postrelease control for his second-degree felony conviction, and is subject to a discretionary three-year period of postrelease control for his fourth-degree-felony conviction. *See* R.C. 2967.28(B)(2), (C). *See also Davenport*, 2012-Ohio-4013, at ¶ 20.

one-half of the prison term originally imposed on the offender if he violates supervision or a condition of postrelease control.

(Emphasis added.) *Singleton* at ¶ 11, *overruled on other grounds*, *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, citing R.C. 2929.19(B)(3)(c), (e). "And the imposed postrelease-control sanctions are to be included in the judgment entry journalized by the court." *Id.*

**{¶25}** The postrelease-control sanctions that the trial court imposed on Thompson are included in Thompson's sentencing entry. *See Singleton* at ¶ 11. *See also State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 66-67 (applying the *Singleton* framework regarding sufficient postrelease-control notice at the sentencing hearing and in the sentencing entry).

**{¶26}** Indeed, the Supreme Court of Ohio stated that adequate notice of postrelease control puts a reasonable person in the position of the defendant on notice that postrelease control could be imposed following the expiration of the person's sentence. *See Ketterer* at ¶ 72, citing *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, ¶ 51. *See also State v. Phillips*, 3d Dist. Logan No. 8-06-14, 2007-Ohio-686, ¶ 32 ("[T]he preeminent purpose of R.C. 2967.28 [is] that offenders subject to post-release control know at sentencing that their liberty could continue to be restrained after serving their initial sentences."), quoting *Watkins* at ¶ 52.

**{¶27}** Thompson's sentencing entry is sufficient to put a reasonable person in Thompson's position on notice that postrelease control could be imposed following the expiration of Thompson's sentence. *See State v. Clark*, 2d Dist. Clark No. 2012 CA 16, 2013-Ohio-299, ¶ 72-73 (concluding that Clark's sentencing entry was sufficient to put him on notice that "'the courts were authorizing postrelease control'" because "the trial court imposed the correct lawful term of post-release control and informed him of the correct specific penalties for violating post-release control" and imposed, in the sentencing entry, "the proper lawful term of post release control and ordered the defendant to serve any post-release control ordered by the Parole Board and any prison term for violation of that post-release control"), citing *Watkins* at ¶ 51; *Ball*, 2013-Ohio-3443, at ¶ 25 (concluding that "the language in Ball's * * * sentencing entry [stating, "After imposition of sentence the Court notified the Defendant orally and in writing [of] the applicable periods of post-release control,"] combined with the presumption of regularity with which we must accord the oral notification at Ball's sentencing hearing, was sufficient to give appellant notice of the post release control sanction"); *Murray*, 2012-Ohio-4996, at ¶ 25 (concluding that the language in Murray's sentencing entry stating "'Defendant given notice of appellate rights under R.C. 2953.08 and post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28" was sufficient to put Murray on notice of his postrelease-control sanction); *State v. Darks*, 10th Dist. Franklin No. 12AP-

578, 2013-Ohio-176, ¶ 9, 11-13 (concluding that Darks' sentencing entry, which referenced the sentencing statute, R.C. 2929.19(B)(3)(c), (d), and (e), sufficiently notified him of his postrelease-control sanction). *See also Cruzado*, 111 Ohio St.3d 353, 2006-Ohio-5795, at ¶ 26 (noting that, notwithstanding that the trial court misstated Cruzado's postrelease-control term, the trial court provided "some notice" to Cruzado that he would be subject to postrelease control). We conclude that Thompson's original sentencing entry is valid—that is, Thompson's original sentencing entry sufficiently notified him of his postrelease-control sanction because it includes the postrelease-control sanction imposed by the trial court.

{¶28} Because Thompson's original sentencing entry is not void and does not contain a clerical error, there is no need for a subsequent sentencing entry. *See Clark* at ¶ 73 (concluding that "there is no need for a subsequent entry" because "Clark's original sentence was not void"). As such, the subsequent entry is surplusage and has no legal effect. *See Cox v. Fogle*, 84 Ohio App. 179, 182-183 (2d Dist.1948) (concluding that a portion of the "probation entry" "was surplusage and of no legal effect"); *State v. Norway*, 3d Dist. Hancock No. 5-85-13, 1985 WL 8090, *6 (July 23, 1986) ("The actual entry of May 14, 1985 [denying Noway's motion to suppress evidence] was surplusage by the time it was filed" because Norway's motion to suppress evidence was previously "overruled by implication by virtue of the admission of evidence at trial."); *State v. Lindsay*, 1st Dist. Hamilton

No. C-970525, 1998 WL 226396, *1 (May 8, 1998) (concluding that the "trial court has added nothing by labeling Lindsay a sexually oriented offender in its entry-this part of the entry is only surplusage. Though the trial court should have limited its entry to the sole issue of whether Lindsay is a sexual predator, we hold that Lindsay has suffered no prejudice by the trial court's entry here."). *See also Simpson v. Bd. of Rev.*, 10th Dist. Franklin No. 76AP-850, 1976 WL 190471, *1 (Dec. 23, 1976) (concluding that the original entry filed by the court affirming the decision of the Board of Review controlled and that "the second judgment entry was a mere surplusage"); *Rossetti v. Sears, Roebuck and Co.*, 10th Dist. Franklin No. 81AP-452, 1981 WL 3341, *1 (July 9, 1981) ("We are unable to determine why the April 20 journal entry was filed; at any rate, it is surplusage."). Therefore, any arguments related to Thompson's postrelease-control notification are not well taken, and Thompson's third assignment of error is overruled.

{¶29} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**