[Cite as *State v. Lammie*, 2022-Ohio-419.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 3-21-12

    v.

KEVIN LAMMIE,                           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 20-CR-0324

Judgment Affirmed

Date of Decision: February 14, 2022

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Bailey Higgins* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Kevin Lammie ("Lammie"), appeals the July 22, 2021 judgment entry of the Crawford County Court of Common Pleas reimposing the balance of Lammie's original prison sentence following the revocation of his judicial release. For the reasons that follow, we affirm.

{¶2} On September 15, 2020, the Crawford County Grand Jury indicted Lammie on three counts: Count One of possession of drugs in violation of R.C. 2925.11(A), (C)(1)(b), a third-degree felony; Count Two of possession of drug paraphernalia in violation of R.C. 2925.14(C), a fourth-degree misdemeanor; and Count Three of possession of marihuana drug paraphernalia in violation of R.C. 2925.141(C), a minor misdemeanor. (Doc. No. 1). Lammie appeared for arraignment on September 21, 2020 and entered pleas of not guilty. (Doc. No. 5).

{¶3} On November 9, 2020, Lammie withdrew his pleas of not guilty and entered a plea of guilty, under a negotiated-plea agreement, to Count One. (Doc. No. 15). In exchange for his change of pleas, the State agreed to dismiss Counts Two and Three, and agreed to a joint-sentencing recommendation. (*Id.*). That same day, the trial court accepted Lammie's guilty plea, found him guilty, and sentenced him (based on the joint-sentencing recommendation of the parties) to 36 months in prison. (Doc. No. 16). Lammie did not directly appeal his conviction or sentence.

{¶4} On February, 22, 2021, Lammie filed a motion for judicial release in the trial court. (Doc. No. 22). On February 23, 2021, the State filed its response to Lammie's motion and recommended that Lammie be judicially released from prison. (Doc. No. 23). Thereafter, on March 31, 2021, the trial court granted Lammie's motion for judicial release, suspended the balance of his prison sentence, and released Lammie under the conditions of judicial release. (Doc. No. 25).

{¶5} On June 30, 2021, the State filed a motion requesting that the trial court revoke Lammie's judicial release after Lammie pleaded guilty (in two separate cases) on June 28, 2021 to possessing marijuana drug paraphernalia and operating a motor vehicle while under the influence of alcohol or drugs of abuse in the Upper Sandusky Municipal Court. (Doc. No. 27). The State's motion further alleged that Lammie violated the conditions of his judicial release by testing positive for the presence of illegal drugs on April 12, May 4 and 18, and June 30, 2021, and by admitting that he used illegal drugs on June 27, 2022. (*Id.*).

{¶6} After a probable cause hearing on July 1, 2021, the trial court proceeded to a final-revocation hearing on July 21, 2021 during which it concluded that Lammie violated the conditions of his judicial release after he admitted to violating the conditions of his judicial release. (Doc. No. 35); (July 21, 2021 Tr. at 4). On

July 21, 2021, the trial court reimposed the balance of Lammie's original prison sentence.[1] (Doc. No. 35).

{¶7} Lammie filed his notice of appeal on August 19, 2021 and raises one assignment of error for our review. (Doc. No. 43).

### Assignment of Error

**Where the trial court fails to adequately explain to the defendant the rights being surrendered by waiving a full hearing on an alleged community control violation and relies upon hearsay to establish the violation a knowing, intelligent and voluntary waiver of the right to hearing has not taken place.**

{¶8} In his assignment of error, Lammie argues that the trial court abused its discretion by revoking his judicial release and reimposing the remainder of his original prison sentence. Specifically, Lammie contends that he "did not knowingly, intelligently and voluntarily waive his rights" to a hearing. (Appellant's Brief at 6).

### *Standard of Review*

{¶9} A trial court's decision to revoke a defendant's judicial release based on a violation of the conditions of his or her judicial release will not be disturbed absent an abuse of discretion. *State v. Arm*, 3d Dist. Union Nos. 14-14-03 and 14-14-04, 2014-Ohio-3771, ¶ 22, citing *State v. Jenkins*, 4th Dist. Scioto No. 10CA3389, 2011-Ohio-6924, ¶ 9. An abuse of discretion implies that the trial court

---

[1] The trial court filed its judgment entry of sentence on July 22, 2021. (Doc. No. 35).

acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

Analysis

**{¶10}** As an initial matter, we must acknowledge that Lammie slightly conflates the distinct concepts of community control under R.C. 2929.15 and judicial release under R.C. 2929.20. It is well established that the rules applicable to a violation of an original sentence of community control under R.C. 2929.15 should not be confused with the provisions applicable to judicial release under R.C. 2929.20 even though "R.C. 2929.20(K) confusingly uses the term 'community control' in reference to the status of an offender granted judicial release." *State v. Owens*, 3d Dist. Crawford Nos. 3-19-16 and 3-19-17, 2020-Ohio-5573, ¶ 23, fn. 2. *See also State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 and 10-07-27, 2008-Ohio-2117, ¶ 12; *State v. Mann*, 3d Dist. Crawford No. 3-03-42, 2004-Ohio-4703, ¶ 7-8. Here, because the record reflects that Lammie was released from prison on judicial release under R.C. 2929.20, we will address his argument accordingly. *Accord Jones* at ¶ 13; *Mann* at ¶ 9.

**{¶11}** Ohio's judicial release statute, R.C. 2929.20, provides, in relevant part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the

department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.

{¶12} "Accordingly, if a defendant violates the conditions of judicial release, the trial court is limited to reimposing the original term of incarceration with credit for time already served." *Jones* at ¶ 15. "The trial court may not alter the defendant's original sentence except to reimpose the sentence consecutively to or concurrently with a new sentence it imposes as a result of the judicial release violation that is a new criminal offense." *Id.*

{¶13} "A defendant under community control [including community control imposed under R.C. 2929.20(K)] is entitled to both a preliminary and a final revocation hearing." *State v. Kiser*, 5th Dist. Tuscarawas No. 2008 AP 030014, 2009-Ohio-1337, ¶ 21. "The purpose of the preliminary hearing is to determine if probable cause exists to believe the defendant has violated the terms of his probation or community control." *State v. Knerr*, 3d Dist. Auglaize No. 2-14-03, 2014-Ohio-3988, ¶ 14, citing *State v. Delaney*, 11 Ohio St.3d 231, 233 (1984). "The purpose of the final revocation hearing is to give the defendant 'an opportunity to be heard and to show' that he either did not violate his conditions or that certain mitigating circumstances 'suggest that the violation does not warrant revocation.'" *Id.*, quoting *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593 (1972).

{¶14} "'Although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding.'" *State v. Ryan*, 3d Dist. Auglaize No. 14-06-55, 2007-Ohio-4743, ¶ 8, quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756 (1973). "Therefore, the minimum due process requirements afforded a defendant in a probation revocation proceeding differ from those in a criminal trial." *State v. McKeithen*, 3d Dist. Marion No. 9-08-29, 2009-Ohio-84, ¶ 22. *See also State v. Dye*, 4th Dist. Athens No. 16CA17, 2017-Ohio-9389, ¶ 12 (because a community-control-revocation hearing is not a criminal trial, "a 'defendant faced with revocation of [his or her community control imposed under R.C. 2929.20] is not afforded the full panoply of rights given to a defendant in a criminal prosecution'"), quoting *State v. Parsons*, 4th Dist. Athens No. 09CA4, 2009-Ohio-7068, ¶ 11, and citing *State v. Roberts*, 2d Dist. Champaign No. 2016-CA-8, 2017-Ohio-481, ¶ 18, *State v. Alexander*, 1st Dist. Hamilton No. C-070021, 2007-Ohio-5457, ¶ 7, *State v. Orr*, 11th Dist. Geauga No. 2008-G-2861, 2009-Ohio-5515, ¶ 21, and *State v. Malone*, 6th Dist. Lucas No. L-03-1299, 2004-Ohio-5246, ¶ 13-14. "'More specifically, "the requirements of Crim.R. 11(C)(2) do not apply to a community-control-violation hearing."'" *Dye* at ¶ 12, quoting *Parsons* at ¶ 11, quoting *Alexander* at ¶ 7 and *Orr* at ¶ 21.

{¶15} The minimum due-process requirements for revocation hearings are: (1) written notice of the claimed violations; (2) disclosure of evidence against a

defendant; (3) the opportunity to be heard and to present witnesses and evidence; (4) the right to confront and cross-examine witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact finders as to the evidence relied on and reasons for revocation. *State v. Miller*, 42 Ohio St.2d 102, 104 (1975).

**{¶16}** Because a judicial-release-revocation hearing is not a criminal trial, the State is not required to establish a violation of the terms of judicial release beyond a reasonable doubt. *State v. Westrick*, 196 Ohio App.3d 141, 2011-Ohio-1169, ¶ 21 (3d Dist.). "Instead, the state must show 'substantial' proof that the offender violated the terms of his or her judicial release." *Id.* Likewise, "revocation hearings are not subject[] to the rules of evidence, thus allowing for the admission of hearsay evidence." *Ryan* at ¶ 9, citing Evid.R. 101(C)(3).

**{¶17}** "Crim.R. 32.3 provides the procedural framework that is to occur at a community-control-revocation hearing." *Dye* at ¶ 14, citing *Orr* at ¶ 23 (applying Crim.R. 32 to the revocation of community control imposed under R.C. 2929.20). Crim.R. 32.3 provides, in its relevant part:

> (A) Hearing. The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing.
>
> (B) Counsel. The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being

fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant.

{¶18} Here, the trial court did not abuse its discretion by revoking Lammie's judicial release because the trial court complied with the requirements of due process and Crim.R. 32.3. The record reflects that the trial court conducted a preliminary hearing on July 1, 2021 during which the trial court concluded that there was probable cause to believe that Lammie violated the terms and conditions of his judicial release. (*See* Doc. No. 29). At the probable-cause hearing, Lammie was apprised of the grounds on which action was proposed and was appointed counsel.

{¶19} Thereafter, the trial court convened a final-revocation hearing on July 21, 2021 during which Lammie admitted to violating the terms and conditions of his judicial release as alleged in the State's June 30, 2021 motion. (July 21, 2021 Tr. at 4). That is, after the State recited the grounds on which it alleged that Lammie violated the terms and conditions of his judicial release, Lammie opted to admit to the allegations. (*Id.* at 3-5). *See State v. Frazier*, 8th Dist. Cuyahoga No. 104596, 2017-Ohio-470, ¶ 11 ("Appellant, through his attorney, was given an opportunity to address the court and dispute the charges brought against him. Instead, appellant admitted to the violation.").

{¶20} Nevertheless, Lammie contends that the trial court abused its discretion by revoking his judicial release because he did not knowingly,

intelligently, and voluntarily waive his right to present evidence in his defense and to confront his accusers. "As a general matter, an unknowing waiver of a defendant's right in a revocation hearing to present evidence and confront his accusers is invalid." *State v. Patton*, 8th Dist. Cuyahoga No. 103737, 2016-Ohio-4867, ¶ 11. However, because "trial courts are not obligated to procure a knowing waiver through a Crim.R. 11(C)(2)(c) colloquy like they are required to do before accepting a guilty plea," "the relevant consideration is not whether the record proves that he understood the rights he was waiving; it is whether the record in some way indicates that he did not understand the rights he was waiving." *Id.* at ¶ 12. There is nothing in the record to suggest that Lammie unknowingly, unintelligently, or involuntarily waived his rights. *Accord id.*

{¶21} Moreover, even if we were to find that Lammie did not waive his rights, we cannot conclude that Lammie suffered any prejudice in this instance. *Accord id.* at ¶ 13. Indeed, the record reflects that two of the bases for which the State requested that the trial court revoke Lammie's judicial release includes two criminal convictions in the Upper Sandusky Municipal Court.

{¶22} For these reasons, we conclude that that the trial court did not abuse its discretion by revoking Lammie's judicial release reimposing the remainder of his original prison sentence.

{¶23} Therefore, Lammie's assignment of error is overruled.

{¶24} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**