[Cite as *State v. Arrendondo*, 2023-Ohio-491.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

NICKOLAS ARRENDONDO,

    DEFENDANT-APPELLANT.

CASE NO. 3-22-30

**O P I N I O N**

Appeal from Crawford County Common Pleas Court
Trial Court No. 2015-CR-0367

**Judgment Affirmed**

**Date of Decision:  February 21, 2023**

APPEARANCES:

    *Kyle Phillips* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Nickolas Arrendondo ("Arrendondo") brings this appeal from the judgment of the Common Pleas Court of Crawford County revoking his judicial release community control and reimposing the remainder of the prison sentence. On appeal Arrendondo claims that the trial court erred by reimposing the prison sentence rather than allowing him to remain on community control. For the reasons set forth below, the judgment is affirmed.

{¶2} On February 8, 2016, the trial court held a sentencing hearing in which it found that Arrendondo had previously been convicted after entering pleas of guilty to 1) Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs in violation of R.C. 2925.041, a felony of the third degree; 2) Illegal Manufacture of Drugs in violation of R.C. 2925.04(C)(2)(b), a felony of the second degree; 3) Possession of Drugs in violation of R.C. 2925.11(C)(1)(a), a felony of the fifth degree; and 4) Having Weapons Under Disability in violation of R.C. 2923.13(A)(2), a felony of the third degree. Doc. 16. The trial court ordered Arrendondo to serve an agreed aggregate sentence of eleven years in prison. Doc. 16.

{¶3} On April 13, 2021, Arrendondo filed a motion for judicial release. Doc. 25. The State did not object to the release after Arrendondo had served five and a half years. Doc. 26. The trial court held a hearing on the motion on June 7, 2021,

at which the trial court granted the motion for judicial release. Doc. 28. The trial court then suspended the remainder of Arrendondo's prison sentence and placed him on community control for a period of five years. Doc. 28.

{¶4} On February 1, 2022, a motion was filed alleging that Arrendondo had violated a condition of his community control by admitting to using methamphetamines and then testing positive for the use of methamphetamines on multiple occasions. Doc. 30. A hearing on the violations was held on July 18, 2022. Doc. 45. At the hearing, Arrendondo admitted to the violations. Doc. 45. The trial court then revoked Arrendondo's judicial release and reimposed the original sentence. Doc. 45. Arrendondo appealed from this judgment and raises the following assignments of error on appeal. Doc. 49.

### First Assignment of Error

**The trial court erred and abused its discretion by reimposing a prison sentence, contrary to R.C. 2929.11 and R.C. 2929.12, the principles and purposes of felony sentencing, by not allowing Mr. Arrendondo to remain on community control.**

### Second Assignment of Error

**The trial court erred and abused its discretion in violation of R.C. 2929.13(E)(2), when it revoked Mr. Arrendondo's community control and reimposed his prison sentence.**

{¶5} Initially, this Court notes that Arrendondo was not placed on community control as a sanction, but upon judicial release where the prison term that had been imposed was suspended. "A trial court's decision to revoke a

defendant's judicial release based on a violation of the conditions of his judicial release will not be disturbed absent an abuse of discretion." *State v. Thompson*, 3d Dist. Crawford Nos. 3-16-01 and 3-16-12, 2016-Ohio-8401, ¶ 11. The rules which apply to the violation of community control imposed as the original sentence under R.C. 2929.15 should not be confused with the provisions applied to judicial release under R.C. 2929.20, even though "R.C. 2929.20(K) confusingly uses the term 'community control' in reference to the status of an offender granted judicial release." *State v. Lammie*, 3d Dist. Crawford No. 3-21-12, 2022-Ohio-419, ¶ 10. Ohio's judicial release statute provides in pertinent part as follows.

> **If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.**

R.C. 2929.20(K).

{¶6} This Court in *Lammie, supra,* recently addressed the options a trial court has when a defendant has violated the terms of his or her judicial release imposed community control sanctions. In *Lammie* we held that if a defendant violated the conditions of his or her judicial release, the trial court was limited to reimposing the original sentence with credit for time served. *Lammie* at ¶ 12. "The trial court may

not alter the defendant's original sentence except to reimpose the sentence consecutively to or concurrently with a new sentence it imposes as a result of the judicial release violation that is a new criminal offense." *Id*. quoting *State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 and 10-07-27, 2008-Ohio-2117, ¶ 15.

{¶7} Here, Arrendondo first argues that the trial court erred by not properly considering the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. However, because the trial court is limited to reimposing the remainder of the original sentence if the judicial release is revoked, the trial court is not required to reconsider R.C. 2929.11 and R.C. 2929.12 or make any statutory findings that would be required when a felony sentence is originally imposed. *Thompson, supra* at ¶ 14 and *State v. Mann*, 3d Dist. Crawford No. 3-03-42, 2004-Ohio-4703, ¶ 16. Additionally, the trial court in its journal entry indicated that it did consider R.C. 2929.11 and R.C. 2929.12, even though this was not required. Doc. 45 at 1. Thus, the first assignment of error is overruled.

{¶8} Arrendondo next argues that the trial court erred by imposing a prison term for the violation in contradiction of R.C. 2929.13(E)(2). This statute prohibits a trial court from imposing a prison term for violation of a sanction if the violation is for producing a positive drug screen or a minor drug possession offense. This Court has previously determined that R.C. 2929.13(E)(2) sanctions are not applicable when a trial court is revoking a defendant's judicial release. *Thompson, supra* at ¶ 15. As R.C. 2929.13(E)(2) does not apply in cases where judicial release

imposed community control is violated, the trial court did not err by failing to comply with it. The second assignment of error is overruled.

**{¶9}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Common Pleas Court of Crawford County is affirmed.

*Judgment Affirmed*

**MILLER, P.J. and WALDICK, J., concur.**

**/hls**