[Cite as *State v. Kingseed*, 2023-Ohio-4358.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

AUSTIN KINGSEED,

    DEFENDANT-APPELLANT.

CASE NO. 3-23-17

O P I N I O N

Appeal from Crawford County Common Pleas Court
Trial Court No. 21-CR-0169

**Judgment Affirmed**

**Date of Decision: December 4, 2023**

APPEARANCES:

    *Howard A. Elliot* **for Appellant**

    *Ryan M. Hoovler* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Austin Kingseed ("Kingseed"), appeals the April 18, 2023 judgment of the Crawford County Court of Common Pleas revoking his community control for violating the terms of his judicial release and reimposing his original-prison sentence. We affirm.

{¶2} On May 25, 2021, the Crawford County Grand Jury indicted Kingseed on Count One of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(9)(b) and (C)(11)(b), a fourth-degree felony, and Count Two of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), (F)(1), a fourth-degree misdemeanor. On May 27, 2021, Kingseed appeared by remote contemporaneous video and entered pleas of not guilty.

{¶3} On July 21, 2021, Kingseed withdrew his pleas of not guilty and entered a guilty plea, under a negotiated-plea agreement, to Count One of the indictment. Specifically, in exchange for Kingseed's change of plea, the State agreed to a joint-sentencing recommendation. The trial court accepted Kingseed's guilty plea, found him guilty, and sentenced him (based on the joint-sentencing recommendation of the parties) to five years of community control.[1] Kingseed did not directly appeal his conviction or sentence.

---

[1] Even though the docket reflects that Count Two was dismissed, we are unable to discern from the record when it was dismissed.

{¶4} After the State filed two motions to revoke Kingseed's community control, the trial court concluded on January 31, 2022 that Kingseed violated the terms of his community control, revoked Kingseed's community control and sentenced him to 18 months in prison. Kingseed did not directly appeal the trial court's decision revoking his community control and imposing the prison sentence.

{¶5} On April 13, 2022, Kingseed filed a motion for judicial release, which the State did not oppose. After a hearing on June 13, 2022, the trial court granted Kingseed's motion for judicial release, released him from prison and placed him on judicial release with community-control sanctions.

{¶6} On February 6, 2023, the State filed a motion requesting that the trial court revoke Kingseed's community control. After a hearing that same day, the trial court concluded that there was probable cause to believe that Kingseed violated the terms of his judicial release. The trial court proceeded to a final-revocation hearing on April 17, 2023 in which the trial court concluded that Kingseed violated the terms of his judicial release "[b]y way of admission by [Kingseed]," revoked his judicial release, and reimposed its original sentence.[2] (Doc. No. 60).

{¶7} On May 11, 2023, Kingseed filed his notice of appeal. He raises one assignment of error for our review.

---

[2] The trial court filed its judgment entry of sentence revoking Kingseed's community control for violating the terms of his judicial release and reimposing his original-prison sentence on April 18, 2023.

**Assignment of Error**

**The trial abused [sic] its discretion in revoking judicial release/community control and imprisoning a defendant with a history of struggling substance abuse issues, who tested positive for a singular community control violation by way of illegal use of a controlled substance thus requiring the matter be reversed and remanded to the trial court for further proceedings.**

{¶8} In his sole assignment of error, Kingseed argues that the trial court abused its discretion by reimposing his original term of incarceration instead of imposing a sanction in accordance with R.C. 2929.13(E)(2). Specifically, Kingseed contends that the trial court abused its discretion by reimposing the remainder of his original prison term because the violation of the terms and conditions of his judicial release is based on his personal drug abuse.

*Standard of Review*

{¶9} "The decision of a trial court to revoke a defendant's judicial release based on a violation of his community control sanctions imposed under R.C. 2929.20(K) will not be disturbed absent an abuse of discretion." *State v. Arm*, 3d Dist. Union Nos. 14-14-03 and 14-14-04, 2014-Ohio-3771, ¶ 22. *Accord State v. Barefield*, 12th Dist. Butler No. CA2021-09-117, 2023-Ohio-115, ¶ 25. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

*Analysis*

**{¶10}** For the reasons that follow, we conclude that the trial court did not abuse its discretion by revoking Kingseed's judicial release and reimposing his original prison sentence with credit for time already served. Importantly,

> [t]he rules which apply to the violation of community control imposed as the original sentence under R.C. 2929.15 should not be confused with the provisions applied to judicial release under R.C. 2929.20, even though "R.C. 2929.20(K) confusingly uses the term 'community control' in reference to the status of an offender granted judicial release."

*State v. Arrendondo*, 3d Dist. Crawford No. 3-22-30, 2023-Ohio-491, ¶ 5, quoting *State v. Lammie*, 3d Dist. Crawford No. 3-21-12, 2022-Ohio-419, ¶ 10.

**{¶11}** Ohio's judicial release statute, R.C. 2929.20, provides, in relevant part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.

R.C. 2929.20(K). "Accordingly, if a defendant violates the conditions of judicial release, the trial court is limited to reimposing the original term of incarceration with credit for time already served." *State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 and 10-07-27, 2008-Ohio-2117, ¶ 15. "The trial court may not alter the defendant's

original sentence except to reimpose the sentence consecutively to or concurrently with a new sentence it imposes as a result of the judicial release violation that is a new criminal offense." *Id.* It is error for a trial court, after revoking judicial release, to impose a greater or lesser sentence than the original sentence. *State v. Salter*, 10th Dist. Franklin No. 14AP-211, 2014-Ohio-5524, ¶ 8. *See also Jones* at ¶ 15.

**{¶12}** In this case, because the trial court was limited to reimposing the remainder of Kingseed's original sentence when it revoked his judicial release, Kingseed's argument that the trial court abused its discretion by failing to impose a sanction in accordance with R.C. 2929.13(E)(2) is without merit. Critically, "R.C. 2929.13(E)(2) sanctions are not applicable when a trial court is revoking a defendant's judicial release under R.C. 2929.20." *State v. Thompson*, 3d Dist. Crawford Nos. 3-16-01 and 3-16-12, 2016-Ohio-8401, ¶ 15. Indeed, that statute provides:

> If an offender who was convicted of or pleaded guilty to a felony violates the conditions of a community control sanction imposed for the offense solely by reason of producing positive results on a drug test, the court, as punishment for the violation of the sanction, shall not order that the offender be imprisoned unless the court determines on the record either of the following:
>
> (a) The offender had been ordered as a sanction for the felony to participate in a drug treatment program, in a drug education program, or in narcotics anonymous or a similar program, and the offender continued to use illegal drugs after a reasonable period of participation in the program.
>
> (b) The imprisonment of the offender for the violation is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code.

R.C. 2929.13(E)(2). *See also Arrendondo* at ¶ 8 (noting that R.C. 2929.13(E)(2) "prohibits a trial court from imposing a prison term for violation of a sanction if the violation is for producing a positive drug screen or a minor drug possession offense").

{¶13} Consequently, "imposition of a sanction under R.C. 2929.13(E)(2) applies only when a defendant violates the conditions of a community-control sanction under R.C. 2929.15, not when a defendant violates the conditions of his or her judicial release under R.C. 2929.20." *Thompson* at ¶ 16. *See also Arrendondo* at ¶ 8 (affirming "that R.C. 2929.13(E)(2) sanctions are not applicable when a trial court is revoking a defendant's judicial release"). Therefore, "because the imposition of a sanction under R.C. 2929.13(E)(2) does not apply to the revocation of judicial release under R.C. 2929.20," the trial court did not abuse its discretion by reimposing Kingseed's prison sentence with credit for time already served. *Thompson* at ¶ 16. *Accord Arrendondo* at ¶ 8.

{¶14} Thus, Kingseed's assignment of error is overruled.

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER, P.J. and WALDICK, J., concur.**

**/hls**