**[Cite as *State v. Matos*, 2024-Ohio-5864.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

v.

CRISTIAN MANUEL ROSADO MATOS,

      DEFENDANT-APPELLANT.

CASE NO. 3-24-14

O P I N I O N

Appeal from Crawford County Common Pleas Court
Trial Court No. 19-CR-0127

**Judgment Affirmed**

**Date of Decision:  December 16, 2024**

APPEARANCES:

    *Tyler Naud Jechura* **for Appellant**

    *Ryan M. Hoovler* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Cristian Manuel Rosado Matos ("Matos"), appeals the April 15, 2024 judgment entry of the Crawford County Court of Common Pleas reimposing the balance of Matos's original prison sentence following the revocation of his judicial release. For the reasons that follow, we affirm.

{¶2} On March 19, 2019, the Crawford County Grand Jury indicted Matos on a single count of aggravated possession of drugs (fentanyl), in violation of R.C. 2925.11(C)(11)(g), a first-degree felony. Matos appeared for arraignment on March 21, 2019, and entered a plea of not guilty.

{¶3} On October 29, 2019, Matos withdrew his plea of not guilty and, under a negotiated-plea agreement, entered a plea of guilty. In exchange for Matos's change of plea, the State agreed to a joint-sentencing recommendation of four years in prison. That same day, the trial court accepted Matos's guilty plea, found him guilty, and sentenced him to four years in prison.

{¶4} On March 23, 2020, Matos filed a motion for judicial release, which the State did not oppose. After a hearing on July 29, 2020, the trial court granted Matos's motion for judicial release, suspended the balance of his prison sentence, and released Matos under the conditions of judicial release.

**{¶5}** On March 8, 2024, the trial court's probation department filed a notice of violation alleging that Matos violated the conditions of his judicial release by testing positive for cocaine on June 17, July 15, and November 22, 2022. The notice further alleged that Matos was involved in a high-speed pursuit with law enforcement in Milwaukee, Wisconsin, on February 7, 2022, and subsequently entered a plea of guilty to felony fleeing and eluding.

**{¶6}** After a probable-cause hearing on March 18, 2024, the trial court proceeded to a final-revocation hearing on April 15, 2024. At the final-revocation hearing, Matos admitted to the allegations contained in the notice of violation. Based on Matos's admission, the trial court found that Matos violated the conditions of his judicial release. After hearing arguments from the State, defense counsel, and Matos himself, the trial court revoked Matos's judicial release and reimposed the remainder of his prison sentence.

**{¶7}** On May 6, 2024, Matos filed his notice of appeal. He raises one assignment of error for our review.

### Assignment of Error

**The Court abused its discretion when it ruled the Defendant violated his judicial release as his admission was not made knowingly, intelligently, or voluntarily.**

**{¶8}** In his sole assignment of error, Matos argues that the trial court abused its discretion when it revoked Matos's judicial release because his admission was not made knowingly, intelligently, or voluntarily. Specifically, Matos asserts that

the trial court failed to advise him that, by admitting to the allegations contained in the notice of violation, Matos was waiving his right to a hearing.

*Standard of Review*

**{¶9}** "The decision of a trial court to revoke a defendant's judicial release based on a violation of his community control sanctions imposed under R.C. 2929.20(K) will not be disturbed absent an abuse of discretion." *State v. Arm*, 2014-Ohio-3771, ¶ 22 (3d Dist.). An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

**{¶10}** R.C. 2929.20(K) governs the revocation of judicial release when an eligible offender violates a condition of judicial release, providing in pertinent part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender[,] . . . shall place the offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed on the eligible offender . . . as a result of the violation that is a new offense.

**{¶11}** A defendant facing revocation of judicial release is entitled to both a preliminary and a final revocation hearing. *State v. Lammie*, 2022-Ohio-419, ¶ 13 (3d Dist.). "'The purpose of the preliminary hearing is to determine if probable cause exists to believe the defendant has violated the terms of his probation or

community control.'" *Lammie* at ¶ 13, quoting *State v. Knerr*, 2014-Ohio-3988, ¶ 14 (3d Dist.). "'The purpose of the final revocation hearing is to give the defendant "an opportunity to be heard and to show" that he either did not violate his conditions or that certain mitigating circumstances "suggest that the violation does not warrant revocation."'" *Lammie* at ¶ 13, quoting *Knerr* at ¶ 14, quoting *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972).

{¶12} Because a judicial-release-revocation hearing is not a criminal trial, the requirements of Crim.R. 11(C)(2) do not apply. *Lammie* at ¶ 14. *See also State v. Zeger*, 2022-Ohio-1202, ¶ 5 (3d Dist.) (stating that the requirements of Crim.R. 11(C)(2) do not apply at a community-control-violation hearing). The minimum due process requirements for a revocation hearing include:

> (1) written notice of the claimed violations; (2) disclosure of evidence against a defendant; (3) the opportunity to be heard and to present witnesses and evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact finders as to the evidence relied upon and reasons for revocation.

*Lammie* at ¶ 15, citing *State v. Miller*, 42 Ohio St.2d 102, 104 (1975).

{¶13} Crim.R. 32.3 provides the procedural framework for a community-control-revocation hearing. *Lammie* at ¶ 17. Crim.R. 32.3 states, in pertinent part:

> (A)  Hearing.  The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed.  The defendant may be admitted to bail pending hearing.

(B) Counsel.  The defendant shall have the right to be represented by retained counsel[.]

Thus, Crim.R. 32.3 requires that a defendant be present at the hearing, be apprised of the grounds on which action is proposed, and have the right to be represented by counsel.

{¶14} In this case, the trial court did not abuse its discretion by revoking Matos's judicial release because the trial court complied with the requirements of due process and Crim.R. 32.3.  The record reflects that a notice of violation was filed by the trial court's probation department on March 8, 2024 and a preliminary hearing was held on March 18, 2024.  At the preliminary hearing, the trial court "advised [Matos] of his[] rights with regard to the allegations and of his[] right to counsel." (Doc. No. 35).  Moreover, the trial court found probable cause to continue the matter for a full hearing.

{¶15} Thereafter, a final-revocation hearing was held on April 15, 2024 wherein Matos was present with counsel and an interpreter.  The hearing began with a recitation of the alleged violations contained in the notice, and the grounds for the allegations.  Following an affirmative indication by Matos's counsel, the trial court asked Matos if he was admitting to the allegations contained in the notice of violation.  Matos, through an interpreter, responded, "Yes." (Apr. 15, 2024 Tr. at 4).  The trial court accepted Matos's admission and proceeded directly to sentencing.  After hearing arguments from both the State and Matos's counsel, as

well as a statement from Matos, the trial court revoked Matos's judicial release and reimposed the remainder of his prison sentence.

**{¶16}** Nevertheless, Matos contends that the trial court abused its discretion by revoking his judicial release because the trial court failed to advise him that, by admitting to the allegations contained in the notice of violation, Matos was waiving his right to a hearing. "'As a general matter, an unknowing waiver of a defendant's right in a revocation hearing to present evidence and confront his accusers is invalid.'" *Lammie*, 2022-Ohio-419, at ¶ 20 (3d Dist.), quoting *State v. Patton*, 2016-Ohio-4867, ¶ 11 (8th Dist.). However, because the requirements of Crim.R. 11(C)(2) do not apply to revocation hearings, trial courts are not obligated to procure a knowing waiver through a Crim.R. 11(C)(2)(c) colloquy like they are required to do before accepting a guilty plea. The relevant consideration is not whether the record proves that a defendant understood the rights he is waiving; it is whether the record in some way indicates that he did not understand the rights he is waiving. *Lammie* at ¶ 20.

**{¶17}** As stated above, at the final-revocation hearing, the allegations contained in the notice of violation were read into the record. Moreover, defense counsel admitted to the allegations on behalf of Matos and, when the trial court then addressed Matos personally, he admitted to the alleged violations. Further, Matos, through his counsel's arguments and Matos himself, was given an opportunity to address the trial court regarding the sentence for the violations. Under these facts

and circumstances, there is nothing in the record to demonstrate that Matos did not understand the rights he was waiving. *Lammie* at ¶ 20.

{¶18} For these reasons, we conclude that that the trial court did not abuse its discretion by revoking Matos's judicial release and reimposing the remainder of his original prison sentence.

{¶19} Therefore, Matos's assignment of error is overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK and MILLER, J.J., concur.**

**/hls**