OPINION *Page 2 
{¶ 1} Defendant-appellant Richard L. Kiser appeals the February 28, 2008 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which revoked his judicial release and re-sentenced him. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On January 16, 2007, the Tuscarawas County Grand Jury indicted Appellant on one count of receiving stolen property, in violation of R.C. 2913.51; two counts of forgery, in violation of R.C. 2913.31; and one count of petty theft, in violation of R.C. 2913.02. Appellant entered a plea of not guilty to the Indictment at his arraignment on February 2, 2007. Appellant appeared before the trial court on April 25, 2007, withdrew his former plea of not guilty, and entered a plea of no contest. The trial court accepted Appellant's plea and found him guilty as charged. The trial court sentenced Appellant to an aggregate term of imprisonment of twenty months. The trial court advised Appellant it would issue judicial release orders on June 22, 2007, and place Appellant on supervised community control sanctions for a period of thirteen months.
 {¶ 3} On December 19, 2007, the trial court issued a capias for Appellant's arrest after receiving a report from the Adult Parole Authority, which indicated Appellant had violated one or more of the judicial release orders/community control sanctions, and had absconded from supervision. The State filed a Motion to Revoke Community *Page 3 
Control on December 21, 2007. Therein, the State asserted Appellant had violated the terms and conditions of community control by failing to report to his parole officer on December 3, 2007, December 10, 2007, and December 14, 2007; and by failing to keep his supervising officer informed of his residence and place of employment as his whereabouts were unknown on December 3, 2007.
 {¶ 4} The trial court scheduled a merits/plenary hearing for January 31, 2008. At the hearing, Appellant requested a continuance explaining he and his attorney had not had an opportunity to discuss which witnesses to subpoena. The trial court rescheduled the matter for February 13, 2008. The State filed an Addendum Motion to Revoke on February 4, 2008. Therein, the State asserted Appellant had violated the terms and conditions of his judicial release by leaving Tuscarawas County without permission; and by committing additional offenses. Following the merits/plenary hearing on February 27, 2008, the trial court revoked Appellant's judicial release and re-sentenced him accordingly. The trial court memorialized its ruling via Judgment Entry filed February 28, 2008.
 {¶ 5} It is from this judgment entry Appellant appeals, raising the following assignments of error:
 {¶ 6} "I. DOES THE TRIAL COURT ERR BY FAILING TO ESTABLISH ITSELF AS A NEUTRAL AND DETACHED BODY — DEMONSTRATING UNDUE BIAS, HOSTILITY, AND/OR ABSENCE OF NEUTRALITY?
 {¶ 7} "II. IT IS ERR TO PERMIT USE OF HEARSAY EVIDENCE IN A HEARING TO REVOKE JUDICIAL RELEASE?" *Page 4 
 SUPPLEMENTAL ASSIGNMENT OF ERROR: {¶ 8} "III. IN REGARD TO THE AMENDED MOTION FOR REVOCATION OF JUDICIAL RELEASE (REFERRED TO BY THE STATE AS ADDENDUM MOTION TO REVOKE COMMUNITY CONTROL OR MODIFY FORMER ORDER) FILED FEBRUARY 4, 2008, THE TRIAL COURT FAILED TO PROVIDE BOTH THE PRELIMINARY HEARING (REFERRED TO BY THE COURT AS `NOTICE HEARING') AND THE FINAL HEARING (REFERRED TO BY THE COURT AS THE `MERITS PLENARY HEARING') AS REQUIRED BY DUE PROCESS."
 I {¶ 9} In his first assignment of error, Appellant maintains the trial court failed to conduct itself as a neutral and detached body. Specifically, Appellant submits the trial court became actively involved by instructing the State to file additional grounds upon which to revoke Appellant's judicial release.
 {¶ 10} In Gagnon v. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, the United States Supreme Court held the following minimum due process requirements apply in a probation revocation proceeding: (a) written notice of the claimed violations of probation, (b) disclosure to the probationer of the evidence against him, (c) an opportunity to be heard in person and to present witnesses and documentary evidence, (d) the right to confront and cross-examine adverse witnesses, (e) a neutral and detached hearing body, and (f) a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation. Id. at 786.
 {¶ 11} At the merits/plenary hearing on February 27, 2008, defense counsel moved the trial court to dismiss the State's Addendum to its Motion to Revoke arguing, *Page 5 
as Appellant does herein, the trial court's ordering the State to amend its motion to revoke was beyond the bounds of impartiality. We disagree. The trial court, as part of its routine duties, had acquired notice of new criminal charges being filed against Appellant which charges could be properly included within the motion to revoke. Although the prosecutor agreed the trial court had issued such an order, the evidence reveals the State had every intention of filing the addendum with or without the court's input. Appellant did not seek recusal of the judge. Additionally, the record is devoid of any evidence the trial court would not have revoked Appellant's judicial release had it not been presented with the additional grounds.
 {¶ 12} Appellant's first assignment of error is overruled.
 II {¶ 13} In his second assignment of error, Appellant asserts he was denied his right to due process as he was not able to confront witnesses against him.
 {¶ 14} As set forth, supra, one of the due process requirements in a probation revocation proceeding is the right to confront and cross-examine adverse witnesses. Id.
 {¶ 15} At the hearing, Captain Michael Goodwin, a detective with the New Philadelphia Police Department, testified relative to fingerprint evidence he obtained at the scene of a break-in at the Nazarene Church. When Captain Goodwin began to testify about the results of the fingerprint analysis he received from the Bureau of Criminal Investigation, Appellant objected on the basis of hearsay because the person who analyzed the fingerprints and wrote the report was not available for cross-examination. The trial court overruled Appellant's objection, noting the Rules of Evidence do not apply in revocation proceedings. *Page 6 
 {¶ 16} Appellant concedes the Ohio Rules of Evidence do not necessarily apply to the revocation hearing at issue, however, Appellant argues, at a minimum, due process requires he be afforded the right to confront and cross-examine witnesses.
 {¶ 17} Generally, probation revocation hearings are not subject to the rules of evidence. The admission of hearsay evidence into a probation revocation hearing can only be construed as reversible error when it constituted the sole, crucial evidence in support of the probation violation determination. State v. Partin, Richland App. No. 07CA104,2008-Ohio-3904 (Citation omitted).
 {¶ 18} Upon review of the record, we find the testimony regarding the fingerprint analysis was not the only evidence linking Appellant to the break-in at the Nazarene Church and was not the sole basis for the trial court's revoking his probation.
 {¶ 19} Based upon the foregoing, Appellant's second assignment of error is overruled.
 III {¶ 20} In his final assignment of error, Appellant contends the trial court failed to provide him with both a preliminary hearing and final hearing relative to the State's amended motion for revocation.
 {¶ 21} A defendant under community control is entitled to both a preliminary and a final revocation hearing. Gagnon, supra at 782. The preliminary hearing is a "probable cause" hearing to determine if a defendant violated any terms of his community control. Morrissey v.Brewer (1972), 408 U.S. 471 at 485. However, "the judgment of a trial court revoking probation or community control sanctions will not be reversed where two separate hearings have not been held unless it appears from the record that the *Page 7 
defendant was prejudiced by the failure to hold a preliminary hearing".State v. Miller (1975), 45 Ohio App. 2d 301; State v. Marvin (1999), 134 Ohio App.3d 63.
 {¶ 22} The State concedes the trial court did not conduct a preliminary hearing regarding the February 4, 2008 Addendum Motion to Revoke. The trial court conducted a merits hearing on February 27, 2008, upon both the original motion to revoke and the amendment. At no time during the merits hearing did Appellant object to the failure of the trial court to conduct a preliminary hearing on the amended motion. In fact, defense counsel advised the trial court he had an adequate opportunity to review the file prior to the hearing date, and specifically advised the trial court Appellant had received the amendment and had an opportunity to review and prepare for the hearing. Accordingly, we find Appellant has waived this argument on appeal.
 {¶ 23} Assuming, arguendo, the trial court erred in failing to conduct a preliminary hearing on the amended motion, we find such error was not prejudicial to Appellant. The trial court conducted a preliminary hearing on the original motion to revoke. After hearing the evidence presented at the merits hearing on February 27, 2008, the trial court found the State had proved by a preponderance of the evidence the violations set forth in the original motion to revoke. Because there was sufficient evidence in the original motion to revoke upon which the trial court could find Appellant violated the terms and conditions of probation, we find Appellant was not prejudiced by the trial court's failure to conduct a preliminary hearing on the amended motion.
 {¶ 24} Appellant's third assignment of error is overruled. *Page 8 
 {¶ 25} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Hoffman, P.J. Wise, J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] A Statement of the Facts underlying Appellant's original conviction is not necessary to our disposition of this Appeal. *Page 1