[Cite as *State v. Stokley*, 2022-Ohio-3647.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
CRAWFORD COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO.  3-22-07

    v.

JOSHUA L. STOKLEY,                  O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Crawford County Common Pleas Court
Trial Court No.  19-CR-0257

Judgment Affirmed

Date of Decision:   October 11, 2022


APPEARANCES:

    *Edwin M. Bibler* for Appellant

    *Daniel J. Stanley* for Appellee

**ZIMMERMAN, P.J.**

**{¶1}** Defendant-appellant, Joshua L. Stokley ("Stokley"), appeals the February 24, 2022 judgment of the Crawford County Court of Common Pleas revoking his community control for violating the terms of his judicial release and reimposing his original-prison sentence. We affirm.

**{¶2}** On June 18, 2019, the Crawford County Grand Jury indicted Stokley on Count One of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony; Count Two of vandalism in violation of R.C. 2909.05(A)(1)(a), a fifth-degree felony; and Count Three of possessing criminal tools in violation of R.C. 2923.24(A), a fifth-degree felony. Stokley appeared for arraignment on June 24, 2019 and entered pleas of not guilty.

**{¶3}** On July 11, 2019, Stokley withdrew his pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to the indictment. Specifically, in exchange for Stokley's change of plea, the State agreed to a joint-sentencing recommendation. The trial court accepted Stokley's guilty pleas, found him guilty, and sentenced him (based on the joint-sentencing recommendation of the parties) to 24 months in prison on Count One and 6 months in prison on Counts Two and Three, respectively. The trial court further ordered that Stokley serve the terms consecutively for an aggregate sentence of 36 months in prison.

{¶4} On March 19, 2020, Stokley filed a motion for judicial release. After a hearing on June 8, 2020, the trial court granted Stokley's motion for judicial release, released him from prison, and placed him on judicial release with community-control sanctions.

{¶5} On December 7, 2021, the State filed a motion requesting that the trial court revoke Stokley's community control for violating the terms of his judicial release. After a hearing on December 8, 2021, the trial court concluded that there was probable cause to believe that Stokley violated the terms of his judicial release. On July 19, 2022, the trial court determined that Stokley violated the terms of his judicial release based on his admission. On February 23, 2022, the trial court reimposed its original sentence.[1] (Doc. No. 32).

{¶6} On March 23, 2022, Stokley filed his notice of appeal. He raises one assignment of error for our review.

### Assignment of Error

**The Trial Court abused its discretion by reimposing a prison sentence instead of allowing the Defendant-Appellant to continue on Community-Control, contrary to R.C. 2929.11 and R.C. 2929.12, the principles and purposes of the felony sentencing guidelines.**

---

[1] The trial court filed its judgment entry of sentence on February 24, 2022. (Doc. No. 32).

{¶7} In his sole assignment of error, Stokley argues that the trial court's reimposition of his original prison sentence does not comport with the principles and purposes of felony sentencing as provided under R.C. 2929.11 or 2929.12.

*Standard of Review*

{¶8} A trial court's decision to revoke a defendant's judicial release based on a violation of the conditions of his judicial release will not be disturbed absent an abuse of discretion. *State v. Arm*, 3d Dist. Union Nos. 14-14-03 and 14-14-04, 2014-Ohio-3771, ¶ 22. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶9} For the reasons that follow, we conclude that the trial court did not abuse its discretion by revoking Stokley's judicial release and reimposing his original term of incarceration with credit for time already served. Ohio's judicial release statute, R.C. 2929.20, provides, in relevant part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.

R.C. 2929.20(K).

**{¶10}** "Accordingly, if a defendant violates the conditions of judicial release, the trial court is limited to reimposing the original term of incarceration with credit for time already served." *State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 and 10-0727, 2008-Ohio-2117, ¶ 15. "The trial court may not alter the defendant's original sentence except to reimpose the sentence consecutively to or concurrently with a new sentence it imposes as a result of the judicial release violation that is a new criminal offense." *Id.* It is error for a trial court, after revoking judicial release, to impose a greater or lesser sentence than the original sentence. *State v. Salter*, 10th Dist. Franklin No. 14AP-211, 2014-Ohio-5524, ¶ 8. *See also Jones* at ¶ 15.

**{¶11}** Because the trial court is limited to reimposing the remainder of the defendant's original sentence when the defendant's judicial release is revoked, Stokley's argument that the trial court was required to consider the principles and purposes of felony sentencing under R.C. 2929.11 and 2929.12 as if it were sentencing him anew is misplaced. *Accord State v. Thompson*, 3d Dist. Crawford No. 3-16-01, 2016-Ohio-8401, ¶ 14, citing *State v. Mann*, 3d Dist. Crawford No. 3-03-42, 2004-Ohio–4703, ¶ 15-16. Importantly, "[w]hen the trial court is reimposing the remainder of the defendant's original sentence after revoking his judicial release, the trial court need not make the statutory findings that are required when a felony sentence is originally imposed." *Id.*, citing *Mann* at ¶ 16, citing *State v. Gardner*,

3d Dist. Union No. 14-99-24, 1999 WL 1075424, *3 (Dec. 1, 1999) ("if the conditions of that release are violated, the statute clearly provides that the trial court may 'reimpose' the suspended term without making the findings that are required to issue an original felony sentence").

{¶12} In this case, the trial court sentenced Stokley to a 36-month prison sentence on July 11, 2019. On June 8, 2020, the trial court placed Stokley on judicial release with community-control sanctions and suspended the balance of his 36-month sentence. Later, on July 19, 2022, the trial court concluded that Stokley violated the terms of the community-control sanctions and revoked its order of judicial release. After revoking its order of judicial release, the trial court was required to impose the remaining period of Stokley's 36-month sentence unless the trial court imposed a new sentence for the new violation. *Accord Salter* at ¶ 9. Here, the trial court did not impose a new sentence for the new violation. Therefore, the trial court was not required to adhere to the relevant sentencing rules as if it were sentencing Stokley anew.

{¶13} Therefore, Stokley's assignment of error is overruled.

{¶14} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**