[Cite as *State v. Miller*, 2023-Ohio-1330.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

KATHLEEN M. MILLER,

    DEFENDANT-APPELLANT.

CASE NO. 16-22-09

O P I N I O N

Appeal from Wyandot County Common Pleas Court
Trial Court No. 22-CR-0110

**Judgment Affirmed**

Date of Decision: April 24, 2023

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Allison M. Kesler* **for Appellee**

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant Kathleen M. Miller ("Miller") appeals the judgment of the Wyandot County Court of Common Pleas, alleging that the trial court erred by allowing an unlicensed attorney to represent her. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{**¶2**} On September 14, 2022, Miller was indicted on one count of tampering with evidence. Doc. 1. The trial court appointed Adam C. Stone ("Stone") to represent Miller. Doc. 9. On October 25, 2022, Stone filed a motion to withdraw as Miller's counsel. Doc. 16. In this motion, Stone stated that he had submitted an application to resign his license to practice law to the Ohio Supreme Court on October 14, 2022 and that, "pending acceptance of that application by the Ohio Supreme Court," he would no longer be authorized to practice law. Doc. 16. On November 3, 2022, Miller entered a plea of guilty to the charge against her and was then sentenced. Doc. 18. At this hearing, Stone represented Miller. Doc. 18-19. On November 8, 2022, the trial court issued its judgment entry of sentencing. Doc. 19. On November 14, 2022, the trial court granted Stone's motion to withdraw. Doc. 20.

*Assignment of Error*

{**¶3**} Miller filed her notice of appeal on December 5, 2022. Doc. 24. On appeal, she raises the following assignment of error:

**The Counsel of record for the Defendant prior to the sentencing hearing, filed a motion for leave to withdraw with the Court reflecting a date prior to such sentencing hearing, formally withdrawing his license to practice law in the State of Ohio and submitted an application to the Supreme Court to do so before the time of the sentencing hearing, and it was error for the Court to fail to address the Defendant's representation and appoint substitute Counsel.**

*Legal Standard*

{¶4} "An appellate court is to review a trial court's orders regarding the discharge or withdrawal of a criminal defense attorney under an abuse of discretion standard." *State v. Ortega*, 3d Dist. Hancock No. 5-16-17, 2017-Ohio-239, ¶ 10. "An abuse of discretion is not merely an error of judgment." *State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86, ¶ 20 (3d Dist.). "Rather, an abuse of discretion is present where the trial court's decision was arbitrary, unreasonable, or capricious." *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 23.

*Legal Analysis*

{¶5} Miller argues that, because Stone had submitted an application to resign his law license, the trial court erred by allowing Stone to continue to represent her in this case after he had filed his motion to withdraw as counsel. However, the record in this case indicates only that Stone had submitted an application to resign his law license prior to Miller's change of plea hearing. The record contains no indication that Stone's application to resign had been accepted by the Ohio Supreme Court and that he, therefore, did not have a law license at any time relevant to this case.

{¶6} Further, on January 18, 2023, the Ohio Supreme Court issued a decision on Stone's application to resign. *In re Resignation of Stone*, --- Ohio St.3d ---, 2023-Ohio-129, --- N.E.3d ---, ¶ 1. In this decision, the Ohio Supreme Court "ordered * * * that from and after *this date* all rights and privileges extended to respondent to practice law in the state of Ohio be withdrawn." (Emphasis added.) *Id*. at ¶ 3. This order also directed Stone to "[n]otify all clients being represented in pending matters * * * of [his] resignation and consequent disqualification to act as an attorney after the effective date of this order." *Id*. at ¶ 10. Thus, Stone had a valid law license throughout the time he represented Miller in the case presently before this Court.

{¶7} Since Stone was still a licensed attorney, Miller has not demonstrated that the trial court erred as alleged in this appeal. Further, we find no indication that the trial court abused its discretion in its handling of Stone's motion to withdraw as counsel. Accordingly, Miller's sole assignment of error is overruled.

*Conclusion*

{¶8} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Wyandot County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/hls**

-4-