[Cite as *State v. Owens*, 2024-Ohio-5555.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

TYLER OWENS,

    DEFENDANT-APPELLANT.

CASE NO. 3-24-11

O P I N I O N

---

**Appeal from Crawford County Common Pleas Court
Trial Court No. 18-CR-0253**

**Judgment Affirmed**

**Date of Decision: November 25, 2024**

---

APPEARANCES:

    *Christopher Bazeley* **for Appellant**

    *Ryan M. Hoovler* **for Appellee**

**WILLAMOWKSI, P.J.**

{¶1} Defendant-appellant Tyler Owens ("Owens") appeals the judgment of the Crawford County Court of Common Pleas, arguing that the trial court erred in revoking his judicial release; that the trial court erred by failing to order him to complete an in-patient substance abuse program; and that he was denied his right to the effective assistance of counsel. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On October 10, 2018, Owens pled guilty to one count of burglary in violation of R.C. 2911.12(A)(2), a second-degree felony, and one count of receiving stolen property in violation of R.C. 2913.51(A), a fourth-degree felony. The trial court then imposed a prison term of four years and eleven months. On September 7, 2023, Owens filed a motion for judicial release that included a request that he be ordered to complete a substance abuse treatment program.

{¶3} On October 25, 2023, the trial court issued a judgment entry that granted Owens's motion for judicial release but did not contain an order regarding in-patient treatment. On January 17, 2024, a notice was filed with the trial court that alleged Owens had violated a condition of his judicial release by testing positive for various drugs of abuse. On March 25, 2024, the trial court revoked Owens's judicial release and reimposed the remainder of his original term of incarceration.

{¶4} Owens filed his notice of appeal on April 15, 2024. On appeal, he raises the following three assignments of error:

**First Assignment of Error**

**The trial court's decision to impose the balance of Owens' sentence was an abuse of discretion.**

**Second Assignment of Error**

**The trial court abused its discretion when it overruled Owens' motion for in-patient substance abuse treatment**

**Third Assignment of Error**

**Owens' defense counsel was ineffective for failing to argue his request for in-patient substance abuse treatment as a condition of judicial release.**

*First Assignment of Error*

{¶5} Owens argues that the trial court abused its discretion by revoking his judicial release and reimposing the remainder of his original term of incarceration.

Standard of Review

{¶6} "A trial court's decision to revoke a defendant's judicial release based on a violation of the conditions of his judicial release will not be disturbed absent an abuse of discretion." *State v. Stokley*, 2022-Ohio-3647, ¶ 8 (3d Dist.). An abuse of discretion is not an error in judgment but is present where the trial court's determination was arbitrary, unconscionable, or unreasonable. *State v. Miller*, 2023-Ohio-1330, ¶ 4 (3d Dist.). In applying this standard on review, an appellate

court is not permitted to substitute its judgment for that of the trial court. *State v. Rice*, 2024-Ohio-3156, ¶ 4 (3d Dist.).

Legal Standard

**{¶7}** R.C. 2929.20 is the provision that governs judicial release and reads, in its relevant part, as follows:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.

R.C. 2929.20(K). Thus, if the defendant violates the conditions of his release, the trial court may reimpose the remainder of the defendant's original term of incarceration. *State v. Phipps*, 2021-Ohio-258, ¶ 22 (3d Dist.), quoting *State v. Mann*, 2004-Ohio-4703, ¶ 8 (3d Dist.).

**{¶8}** "A defendant under community control [including community control imposed under R.C. 2929.20(K)] is entitled to both a preliminary and a final revocation hearing." (Brackets sic.) *State v. Lammie*, 2022-Ohio-419, ¶ 13 (3d Dist.), quoting *State v. Kiser*, 2009-Ohio-1337, ¶ 21 (5th Dist.).

> 'The purpose of the preliminary hearing is to determine if probable cause exists to believe the defendant has violated the terms of his probation or community control.' *State v. Knerr*, 3d Dist. Auglaize No. 2-14-03, 2014-Ohio-3988, ¶ 14 * * *. "The purpose of the final

-4-

revocation hearing is to give the defendant 'an opportunity to be heard and to show' that he either did not violate his conditions or that certain mitigating circumstances 'suggest that the violation does not warrant revocation.'" *Id.*, quoting *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593 (1972).

(Citation omitted.) *Lammie* at ¶ 13. "Importantly, '[w]hen the trial court is reimposing the remainder of the defendant's original sentence after revoking his judicial release, the trial court need not make the statutory findings that are required when a felony sentence is originally imposed.'" *Stokley* at ¶ 11, quoting *State v. Thompson*, 2016-Ohio-8401, ¶ 14 (3d Dist.).

Legal Analysis

**{¶9}** On February 14, 2024, the probation officer appeared at a hearing before the trial court and reported that Owens admitted he had used drugs of abuse after a urine test indicated marijuana, benzodiazepine, amphetamines, and methamphetamines were present in his system. The trial court was later informed that, several days before this drug test was administered, Owens was found exhibiting the symptoms of a "methamphetamine-induced psychosis," and law enforcement intervened to address this situation. (Mar. 25 Tr. 8).

**{¶10}** At a hearing on March 25, 2024, Owens stated that he had not used any drugs of abuse for over a month after he had been placed on judicial release but admitted to having used methamphetamines and opiates while he had been imprisoned. After hearing arguments from both parties, the trial court determined that the circumstances surrounding the violation at issue indicated that Owens's

drug use posed a "danger to himself and others" and decided to revoke his judicial release. (Mar. 25 Tr. 18).

{¶11} Having examined the evidence in the record, we find no indication that the trial court abused its discretion by revoking Owens's judicial release and reimposing the remainder of his original term of incarceration. The first assignment of error is overruled.

*Second Assignment of Error*

{¶12} Owens argues that the trial court erred by failing to order him to complete an in-patient treatment program as a condition of his judicial release.

Legal Standard

{¶13} R.C. 2505.02 defines "what constitutes a final appealable order." *Galloway v. Galloway*, 1999 WL 356282, *1 (10th Dist. May 20, 1999). R.C. 2505.02(B)(2) states that reviewable final orders include "an order that affects a substantial right made in a special proceeding * * *." A trial court's determination on a motion for judicial release falls within R.C. 2505.02(B)(2) because "[j]udicial release is a purely statutory creation" and, therefore, qualifies as a special proceeding. *State v. Gondeau-Guttu*, 2010-Ohio-3321, ¶ 10 (8th Dist.), quoting *State v. Burgess*, 2002 WL 1042296, *1 (2d Dist. May 22, 2002). *See* R.C. 2505.02(A)(2). In turn, R.C. 2505.02(A)(1) defines a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."

Legal Analysis

**{¶14}** On appeal, Owens points out that his motion for judicial release contained "a request for an order that he complete an in-patient substance abuse treatment [program] as a condition of his judicial release." (Appellant's Brief, 1). He argues the trial court erred by failing to include such an order in its judgment entry granting judicial release. However, this argument addresses the order granting judicial release that was issued on October 25, 2023 and that is not presently before this Court. The instant appeal arises from the order revoking judicial release that was issued on March 25, 2024.

**{¶15}** Even if the October 25, 2023 order granting judicial release was before this Court, Owens still has not identified a substantial right in his argument that would bring this order within the meaning of R.C. 2505.02(B)(2). Owens is essentially arguing that the order granting judicial release was too lenient because it did not mandate an additional restriction. In his brief, Owens has not identified any legal authority that would suggest that the trial court was required to impose such a condition. In the absence of such a showing, he has failed to demonstrate that he had a substantial right to an additional condition for his judicial release that the trial court chose not to impose.

**{¶16}** Further, at the revocation hearing, a probation officer informed the trial court that Owens did not mention or request treatment for substance abuse until the night that he was arrested. Owens then indicated that he recently signed up for

substance abuse program but that his appointments had not yet started. The trial court then pointed out that, since he signed himself up for this program, he did not need a court order to obtain treatment. Thus, even if the trial court had erred, Owens has not identified any evidence in the record that would suggest that he was prejudiced. The second assignment of error is overruled.

*Third Assignment of Error*

**{¶17}** Owens argues that his counsel was ineffective for failing to make arguments in support of his request for in-patient treatment.

Legal Standard

**{¶18}** "Ohio law presumes that a licensed attorney's representation was competent." *State v. Morgan*, 2024-Ohio-625, ¶ 13 (3d Dist.). "In order to prove an ineffective assistance of counsel claim, the appellant must carry the burden of establishing (1) that his or her counsel's performance was deficient and (2) that this deficient performance prejudiced the defendant." *State v. McWay*, 2018-Ohio-3618, ¶ 24 (3d Dist.), quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**{¶19}** To establish deficient performance, the appellant must demonstrate that defense "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. Howton*, 2017-Ohio-4349, ¶ 35 (3d Dist.), quoting *Strickland* at 687. To establish prejudice, "the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Bibbs*, 2016-Ohio-

8396, ¶ 13 (3d Dist.). "If the appellant does not establish one of these two prongs, the appellate court does not need to consider the facts of the case under the other prong of the test." *State v. Gear*, 2023-Ohio-1246, ¶ 50 (3d Dist.).

Legal Analysis

{¶20} In the second assignment of error, we concluded (1) that the order granting judicial release was not before us; (2) that, even if the order granting judicial release had been the basis of this appeal, Owens did not demonstrate that he had a substantial right to have the identified condition imposed; and (3) that the record indicates that Owens had access to treatment for substance abuse in the absence of a trial court order for the same. For these same reasons, Owens cannot demonstrate that his trial counsel's performance was deficient. For this reason, he has failed to carry the burden of establishing an ineffective assistance counsel of claim. The third assignment of error is overruled.

*Conclusion*

{¶21} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Crawford County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK and MILLER, J.J., concur.**

**/hls**