**[Cite as *State v. Clark*, 2024-Ohio-5554.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

TIMOTHY CLARK,

    DEFENDANT-APPELLANT.

CASE NO. 3-24-07

O P I N I O N

---

**Appeal from Crawford County Common Pleas Court
Trial Court No. 22-CR-0398**

**Judgment Affirmed**

**Date of Decision:  November 25, 2024**

---

APPEARANCES:

    *Christopher Bazeley* **for Appellant**

    *Ryan M. Hoovler* **for Appellee**

**WILLAMOWSKI, P.J.**

**{¶1}** Defendant-appellant Timothy J. Clark ("Clark") appeals the judgment of the Crawford County Court of Common Pleas, arguing that the trial court erred by revoking his judicial release. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

**{¶2}** On May 25, 2023, Clark pled guilty to two counts of burglary in violation of R.C. 2911.12(A)(2), fourth-degree felonies. The trial court ordered him to serve a prison term of thirty-six months. On November 8, 2023, the trial court granted a motion for judicial release that had been filed by Clark. On February 7, 2024, a notice was filed with the trial court that alleged Clark had violated three of the conditions of his judicial release. On March 13, 2024, the trial court revoked Clark's judicial release and reimposed the remainder of his original term of incarceration.

*Assignment of Error*

**{¶3}** Clark filed his notice of appeal on March 19, 2024. On appeal, he raises the following assignment of error:

> **The trial court abused its discretion when it imposed the balance of Clark's prison sentence for violations of the conditions of judicial release.**

*Standard of Review*

**{¶4}** "A trial court's decision to revoke a defendant's judicial release based on a violation of the conditions of his judicial release will not be disturbed absent an abuse of discretion." *State v. Stokley*, 2022-Ohio-3647, ¶ 8 (3d Dist.). An abuse of discretion is not an error in judgment but is present where the trial court's determination was arbitrary, unconscionable, or unreasonable. *State v. Edwards*, 2023-Ohio-3213, ¶ 6 (3d Dist.). "When the abuse of discretion standard applies, an appellate court is not to substitute its judgment for that of the trial court." *State v. Richey*, 2021-Ohio-1461, ¶ 40 (3d Dist.).

*Legal Standard*

**{¶5}** R.C. 2929.20 is the provision that governs judicial release and reads, in its relevant part, as follows:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.

R.C. 2929.20(K). Thus, if the defendant violates the conditions of his release, the trial court may reimpose the remainder of the defendant's original term of

-3-

incarceration. *State v. Phipps*, 2021-Ohio-258, ¶ 22 (3d Dist.), quoting *State v. Mann*, 2004-Ohio-4703, ¶ 8 (3d Dist.).

{¶6} "A defendant under community control [including community control imposed under R.C. 2929.20(K)] is entitled to both a preliminary and a final revocation hearing." (Brackets sic.) *State v. Lammie*, 2022-Ohio-419, ¶ 13 (3d Dist.), quoting *State v. Kiser*, 2009-Ohio-1337, ¶ 21 (5th Dist.).

> 'The purpose of the preliminary hearing is to determine if probable cause exists to believe the defendant has violated the terms of his probation or community control.' *State v. Knerr*, 3d Dist. Auglaize No. 2-14-03, 2014-Ohio-3988, ¶ 14 * * *. "The purpose of the final revocation hearing is to give the defendant 'an opportunity to be heard and to show' that he either did not violate his conditions or that certain mitigating circumstances 'suggest that the violation does not warrant revocation.'" *Id*., quoting *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593 (1972).

(Citation omitted.) *Lammie* at ¶ 13. "Importantly, '[w]hen the trial court is reimposing the remainder of the defendant's original sentence after revoking his judicial release, the trial court need not make the statutory findings that are required when a felony sentence is originally imposed.'" *Stokley* at ¶ 11, quoting *State v. Thompson*, 2016-Ohio-8401, ¶ 14 (3d Dist.).

*Legal Analysis*

{¶7} On February 7, 2024, a probation officer appeared at a hearing before the trial court and alleged that Clark violated the conditions of his judicial release by (1) being charged with operating a vehicle under the influence of alcohol or a drug of abuse ("OVI"); (2) having consumed alcohol; and (3) testing positive for

methamphetamines. Based on the facts presented at the hearing, the trial court found that probable cause supported these allegations.

{¶8} On March 13, 2024, Clark appeared at a hearing before the trial court and admitted to violating the conditions of his judicial release. After giving Clark an opportunity to speak, the trial court noted that, in addition to failing a drug test, he had also been involved in an OVI. For this reason, the trial court concluded that Clark's sentence should be reimposed in the interests of public safety. Given these facts, we conclude that the trial court did not abuse its discretion in deciding to revoke Clark's judicial release. Accordingly, the sole assignment of error is overruled.

*Conclusion*

{¶9} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Crawford County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK and MILLER, J.J., concur.**

**/hls**