**[Cite as *State v. Matthews*, 2025-Ohio-1144.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ASHLEY MATHEWS,

    DEFENDANT-APPELLANT.

CASE NO. 3-24-18

**O P I N I O N**

Appeal from Crawford County Common Pleas Court
Trial Court No. 23-CR-0051

**Judgment Affirmed**

**Date of Decision:  March 31, 2025**

APPEARANCES:

    *William T. Cramer* **for Appellant**

    *Ryan M. Hoovler* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Ashley Matthews ("Matthews") appeals the judgment of the Crawford County Court of Common Pleas, arguing that the trial court abused its discretion in revoking her judicial release. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On February 7, 2023, Matthews was indicted on two counts of obstructing official business in violation of R.C. 2921.31(A), fifth-degree felonies; one count of resisting arrest in violation of R.C. 2921.33(B), a first-degree misdemeanor; and one count of disorderly conduct in violation of R.C. 2917.11(A)(1), a fourth-degree misdemeanor. On July 3, 2023, she pled guilty to the two counts of obstructing official business as charged. Doc. 20. The remaining charges were dismissed on motion of the State. The trial court then sentenced her to serve an aggregate prison term of twenty-three months.

{¶3} On July 17, 2023, Matthews filed a motion for judicial release. On August 28, 2023, the trial court granted this motion. On October 3, 2023, a notice of violation was filed with the trial court that reported Matthews had tested positive for methamphetamines. At a hearing on December 11, 2023, Matthews admitted to the violation. In response, the trial court decided not to revoke her judicial release.

**{¶4}** On April 9, 2024, a notice of violation was filed with the trial court that reported Matthews had been "arrested and charged with Persistent Disorderly Conduct by the Galion Police Department." (Doc. 36). On April 22, 2024, another notice of violation was filed with the trial court that reported Matthews had tested positive for alcohol. At the revocation hearing, Matthews admitted to both alleged violations. On June 10, 2024, the trial court issued a judgment entry that revoked Matthews's judicial release and reimposed the remainder of her original prison sentence.

*Assignment of Error*

**{¶5}** Matthews filed her notice of appeal on July 5, 2024. On appeal, she raises the following assignment of error:

> **The trial court abused its discretion by revoking judicial release and imposing a prison term for minor community control violations when appellant was otherwise doing well.**

*Standard of Review*

**{¶6}** "A trial court's decision to revoke a defendant's judicial release based on a violation of the conditions of his [or her] judicial release will not be disturbed absent an abuse of discretion." *State v. Stokley*, 2022-Ohio-3647, ¶ 8 (3d Dist.). An abuse of discretion is not an error in judgment but is present where the trial court's determination was arbitrary, unconscionable, or unreasonable. *State v. Edwards*, 2023-Ohio-3213, ¶ 6 (3d Dist.). "When the abuse of discretion standard applies, an

appellate court is not to substitute its judgment for that of the trial court." *State v.*

*Richey*, 2021-Ohio-1461, ¶ 40 (3d Dist.).

*Legal Standard*

**{¶7}** R.C. 2929.20 is the provision that governs judicial release and reads, in

its relevant part, as follows:

> If the court grants a motion for judicial release under this section, the
> court shall order the release of the eligible offender, shall place the
> eligible offender under an appropriate community control sanction,
> under appropriate conditions, and under the supervision of the
> department of probation serving the court and shall reserve the right
> to reimpose the sentence that it reduced if the offender violates the
> sanction. If the court reimposes the reduced sentence, it may do so
> either concurrently with, or consecutive to, any new sentence imposed
> upon the eligible offender as a result of the violation that is a new
> offense.

R.C. 2929.20(K). "Thus, if the defendant violates the conditions of his release, the

trial court may reimpose the remainder of the defendant's original term of

incarceration." *State v. Owens*, 2024-Ohio-5555, ¶ 7 (3d Dist.).

**{¶8}** "A defendant under community control [including community control

imposed under R.C. 2929.20(K)] is entitled to both a preliminary and a final

revocation hearing." (Brackets sic.) *State v. Lammie*, 2022-Ohio-419, ¶ 13 (3d

Dist.), quoting *State v. Kiser*, 2009-Ohio-1337, ¶ 21 (5th Dist.).

> 'The purpose of the preliminary hearing is to determine if probable
> cause exists to believe the defendant has violated the terms of his
> probation or community control.' *State v. Knerr*, 3d Dist. Auglaize
> No. 2-14-03, 2014-Ohio-3988, ¶ 14 * * *. "The purpose of the final
> revocation hearing is to give the defendant 'an opportunity to be heard
> and to show' that he either did not violate his conditions or that certain

mitigating circumstances 'suggest that the violation does not warrant revocation.'" *Id.*, quoting *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593 (1972).

(Citation omitted.) *Lammie* at ¶ 13. "When the trial court is reimposing the remainder of the defendant's original sentence after revoking his judicial release, the trial court need not make the statutory findings that are required when a felony sentence is originally imposed.'" *State v. Clark*, 2024-Ohio-5554, ¶ 6 (3d Dist.), quoting *State v. Thompson*, 2016-Ohio-8401, ¶ 14 (3d Dist.).

*Legal Analysis*

**{¶9}** On appeal, Matthews argues that she had been "generally doing well under supervision * * *." (Appellant's Brief, 4). However, during the course of this case, notices that Matthews had violated the conditions of her judicial release were filed on three separate occasions. The first notice of violation was filed when Matthews tested positive for methamphetamines on September 19, 2023. This test occurred less than one month after she had been granted judicial release. After she admitted to this violation, the trial court gave Matthews the opportunity to continue on her judicial release.

**{¶10}** Roughly four months later, the second notice of violation was filed after Matthews was charged with persistent disorderly conduct. This charge arose from an incident in which the police were called to intervene in a dispute that Matthews had with another person at a hotel. In reviewing the police report, the trial court noted that Matthews "wrestle[d] with" and lied to the police. (Tr. 21). In

evaluating this conduct, the trial court noted that this was similar to the criminal behavior that led to the imposition of her original prison sentence.

**{¶11}** After her arrest for persistent disorderly conduct, Matthews was released on "a personal recognizance bond." (Tr. 22). Six days later, she tested positive for alcohol, leading to the filing of the third notice of violation. At the final revocation hearing, Matthews admitted to the second and third violations. Having examined the evidence in the record, we find no indication in the record that the trial court abused its discretion in revoking Matthews's judicial release and in reimposing the remainder of her original prison sentence. Accordingly, the sole assignment of error is overruled.

*Conclusion*

**{¶12}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Crawford County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK, P.J. and MILLER, J., concur.**

**/hls**